## ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAIL-WAY COMPANY *v.* CRAFT.

ERROR TO THE SUPREME COURT OF THE STATE OF ARKANSAS.

No. 776.    Argued May 12, 1915.—Decided June 1, 1915.

In this case, as there was uncontradicted evidence that decedent survived his injuries, although only for something more than half an hour, and that the injuries were such as to cause extreme pain if he remained conscious, and there was conflicting evidence as to whether he did remain conscious, those questions were properly submitted to the jury; and the question for this court is not which way the evidence preponderated but whether there was evidence from which the jury could reasonably find that decedent did endure conscious pain during the period between his injury and death.

While in this case, there was evidence to go to the jury on those questions, generally such pain and suffering as are substantially contemporaneous with death, or mere incidents to it, afford no estimation or award of damages under such statutes as the Employers' Liability Act.

By the common law the death of a human being, although wrongfully caused, affords no basis for a recovery of damages, and a right of action for personal injuries dies with the person injured; in cases under the Employers' Liability Act, the right of recovery depends entirely upon that statute, the state statutes being superseded thereby.

Under the Employers' Liability Act, as originally enacted in 1908,

there was no provision for the survival of the right given to the injured person and the right as at common law died with him; but under the act as amended in 1910 that right of action survives to the personal representatives of the decedent for the benefit of the widow, husband, children, parents or dependent next of kin, as specified in § 9 of the act as amended.

A provision brought into a Federal statute by way of amendment, expressing the deliberate will of Congress, must be given effect; and, construing §§ 1 and 9 of the Employers' Liability Act, as amended, together, the personal representative of a deceased employé is to recover, on the part of the designated beneficiaries, not only such damages as will compensate them for their own pecuniary loss, but also such damages as will be reasonably compensatory for the loss and suffering of decedent while he lived.

Such a recovery is not a double recovery for a single wrong, but a single recovery for a double wrong.

*Quære* whether under the final clause of § 9 of the Employers' Liability Act, as amended in 1910, providing that there shall be only one recovery for one injury, the personal representative of a deceased employé can recover where there has been a recovery by decedent in his lifetime.

The provisions in § 9 of the Employers' Liability Act, as amended in 1910, that there shall be only one recovery for one injury, does not restrict the personal representative of a decedent who suffered pain after the injury and before death to one basis of recovery to the exclusion of the other or require him to make a choice between them; it does, however, limit him to one recovery of damages for both, and thus avoid needless litigation in separate actions.

While reports of Committees of the different Houses of Congress in regard to bills in their charge cannot be taken as giving to the act as passed a meaning not fairly within its words, they may be persuasive as showing that its words should not be wrongly construed.

The amount of a verdict for damages for suffering, although apparently large, in this case $5,000 for pain endured during a period of thirty minutes, involves only questions of fact and is not reviewable here under § 237, Judicial Code. The power, and with it the duty and responsibility, of dealing with such questions rests upon the courts below.

171 S. W. Rep. 1185, affirmed.

The facts, which involve the construction and application of the Employers' Liability Act of 1908 and the

Amendment of 1910 and the right of the administrator of an employé killed by negligence of the employer to recover not only for the death of, but also for the pain and suffering endured by, decedent, are stated in the opinion.

*Mr. Troy Pace,* with whom *Mr. Edward J. White* and *Mr. E. B. Kinsworthy* were on the brief, for plaintiff in error:

Under the Federal Employers' Liability Act of 1908, as amended April 5, 1910, plaintiff was not permitted to recover both for pecuniary loss to next of kin and for decedent's pain and suffering. *Michigan Central Ry.* v. *Vreeland,* 227 U. S. 68.

In some of the statutes of the State there is a survival act as well as a death act, and the latter is held to be limited to cases of instantaneous or immediate death, and cases where the death was not instantaneous or immediate are held to fall under the survival statute. *Sawyer* v. *Perry,* 88 Maine, 42; *Anderson* v. *Wetter,* 15 L. R. A. (N. S.) 1003; *Dolson* v. *Lake Shore & M. S. Ry.,* 128 Michigan, 444; *Belding* v. *Black Hills & Ft. P. R.,* 3 S. Dak. 369. See *contra Sweetland* v. *Chi. & G. T. Ry.,* 117 Michigan, 329.

In a number of States it is held that the death acts provide a complete remedy, whether the death is instantaneous or not, if the death results from the injury; but if it results from some other cause, the survival act provides the only remedy. *Holton* v. *Daly,* 106 Illinois, 131; *Chicago & E. I. Ry.* v. *O'Connor,* 119 Illinois, 586; *Lubrano* v. *Atlantic Mills,* 19 R. I. 129, 34 L. R. A. 797; *McCarthy Case,* 18 Kansas, 46; *Martin* v. *Missouri-Pac. Ry.,* 58 Kansas, 475; *Hulbert* v. *Topeka,* 34 Fed. Rep. 510.

In Kentucky it is held that an administrator, having a right to sue for a decedent's pain and suffering or to sue under the statute for his death, must elect which he will do, and cannot do both. *Conner* v. *Paul,* 12 Bush, 144;

*Louis. & Nash. R. R.* v. *McElwain,* 98 Kentucky, 700; *Hendricks* v. *Am. Exp. Co.,* 138 Kentucky, 704; *Henderson* v. *Ky. Cent. R. R.,* 86 Kentucky, 389.

All of the cases hold there can only be one action for damages caused by the wrongful act of another.  *McCafferty* v. *Penna. R. R.,* 193 Pa. St. 339; *Edwards* v. *Gimbel,* 202 Pa. St. 30; *Fritz* v. *West. Un. Tel. Co.,* 25 Utah, 263; *Consolidated Coal Co.* v. *Dombriski,* 106 Ill. App. 641; *Hartigan* v. *Southern Pac. Co.,* 86 California, 142; *Munro* v. *Dredging Co.,* 84 California, 515; *Andrews* v. *Hartford R. R.,* 34 Connecticut, 57; *Putnam* v. *Southern Pac. Co.,* 21 Oregon, 239; *Legg* v. *Britton,* 64 Vermont, 652; *Littlewood* v. *New York,* 89 N. Y. 24; *Daubert* v. *Western Meat Co.,* 96 Am. St. 154, 139 California, 480; 13 Cyc. 327.

For cases holding that, in case of a wrongful death, two separate actions might be brought by the administrator, one for the benefit of the estate and the other for the benefit of the widow and next of kin, see *Bowes* v. *Boston,* 155 Massachusetts, 344; *Davis* v. *Railway,* 53 Arkansas, 117; *Mahoning Valley Ry.* v. *Van Alstine,* 14 L. R. A. (N. S.) 893; *Stewart* v. *United Electric Co.,* 8 L. R. A. (N. S.) 384, and *Needham* v. *Railway,* 38 Vermont, 294; *Brown* v. *Chicago & N. W. Rd.,* 44 L. R. A. 579; but they are erroneous.  See also *Legg* v. *Britton,* 64 Vermont, 652; *Wood* v. *Gray,* (1892), A. C. 576; *Louisville & Nash. R. R.* v. *McElwain,* 98 Kentucky, 385; *McGovern* v. *N. Y. C. &c. R. R.,* 67 N. Y. 417; *McCafferty* v. *Penna. R. R.,* 193 Pa. St. 339.

As to the construction of the act itself see *Gulf &c. Ry.* v. *McGinnis,* 228 U. S. 173; *Louis. & Nash. R. R.* v. *Stewart's Adm'r,* 156 Kentucky, 550.

The jury should not be permitted to make a double allowance in two separate causes of action for the same pecuniary loss.

There was not sufficient proof of conscious suffering. Section 9 of the act of 1910, providing that any right of

action given by the act to a "person suffering injury" shall survive to his personal representative, creates no new cause of action, and has no application where there is an instantaneous killing. *Carolina &c. Ry.* v. *Shewalter*, 161 S. W. Rep. 1136; *Sweetland* v. *Chi. & G. T. Ry.*, 43 L. R: A. 568.

The mere fact that there was evidence of some slight spasmodic action on the part of the deceased, where the other evidence tended to show that death was immediate, has been held not sufficient to prevent the court from directing a verdict for the plaintiff on the ground that the death was instantaneous. Tiffany, Death by Wrongful Act, § 74. *Kearney* v. *Boston & W. B. Corp.*, 8 Cush. 108; *Tully* v. *Fitchburg R. R.*, 134 Massachusetts, 499; *St. Louis, I. M. & S. Ry.* v. *Dawson*, 68 Arkansas, 1; *Mulchahey* v. *Washburn Car Wheel Co.*, 145 Massachusetts, 335; *The Corsair*, 145 U. S. 335; *Burch* v. *St. Louis, I. M. & S. Ry.*, 108 Arkansas, 396.

The verdict is excessive. *St. Louis, I. M. & S. Ry.* v. *Stamps*, 84 Arkansas, 241; *St. Louis, I. M. & S. Ry.* v. *Pate*, 90 Arkansas, 136; see *St. Louis, I. M. & S. Ry.* v. *Scott*, 102 Arkansas, 417; *St. Louis, I. M. & S. Ry.* v. *Robertson*, 103 Arkansas, 361; *Chicago, R. I. & P. Ry.* v. *White*, 165 S. W. Rep. 627; *The Robert Graham Dun*, 70 Fed. Rep. 270.

*Mr. William E. Richardson*, with whom *Mr. Jackson H. Ralston*, *Mr. Gustave Jones* and *Mr. Lon L. Campbell* were on the brief, for defendant in error:

Under the Federal Employers' Liability Act of 1908, as amended on April 5, 1910, the plaintiff was permitted to recover both for pecuniary loss and the next of kin for his pain and suffering endured by the decedent. *Fulgam* v. *Midland Valley R. R.*, 167 Fed. Rep. 660; *Walsh* v. *N. Y., N. H. & H. R. R.*, 173 Fed. Rep. 494.

The purpose of Congress in making this amendment of

April 5, 1910, is clearly and convincingly stated (Sen. Rep. 432, 61 Cong., 2d Sess.). For definitions of the term injury see *Thornton* v. *Thornton*, 63 N. Car. 211; *Macauley* v. *Tierney*, 19 R. I. 255; *State* v. *Reddington*, 7 S. Dak. 368; *Nor. Pac. R. R.* v. *Maerkl*, 198 Fed. Rep. 1; *Cain* v. *Southern Railway*, 190 Fed. Rep. 211; *St. Louis, I. M. & S. Ry.* v. *Hesterley*, 228 U. S. 702; *St. Louis & San Fran. R. R.* v. *Conarty*, 106 Arkansas, 421; *Kansas City Southern Ry.* v. *Leslie*, 167 S. W. Rep. 83.

The state court specifically decided that the deceased was conscious of great agony for a period of thirty minutes. Unlike appeals in writs of error to the Federal courts, on writ of error to the highest court of a State, the findings of fact of the state court are accepted as conclusive. *Hedrick* v. *Atchison &c. Ry. Co.*, 167 U. S. 673; *Keokuk Bridge Co.* v. *Illinois*, 175 U. S. 626; *Jenkins* v. *Neff*, 186 U. S. 230; *Gardner* v. *Bonesteel*, 180 U. S. 362; *Chrisman* v. *Miller*, 197 U. S. 313; *Chapman Land Co.* v. *Biglow*, 206 U. S. 41; *Clipper Mining Co.* v. *Eli Mining Co.*, 194 U. S. 220; *Thayer* v. *Spratt*, 189 U. S. 346; *Quimby* v. *Boyd*, 128 U. S. 488.

The verdict of a jury settles all questions of fact on a writ of error from this court to a state court. *Smiley* v. *Kansas*, 196 U. S. 447; *Shauer* v. *Alterton*, 151 U. S. 607; *Noble* v. *Mitchell*, 164 U. S. 367.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was an action under the Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65, and the amendment of April 5, 1910, c. 143, 36 Stat. 291, by an administrator to recover for injuries to, and the death of, his intestate. The action was for the benefit of the father, there being no surviving widow, child or mother, and the damages sought were for (a) pecuniary loss to the father by reason

of the death and (b) conscious pain and suffering of the decedent before the injuries proved fatal. In the trial court the plaintiff had a verdict and judgment awarding $1,000 for the pecuniary loss to the father and $11,000 for the pain and suffering of the decedent, and the Supreme Court of the State, after reducing the latter sum to $5,000, affirmed the judgment. 171 S. W. Rep. 1185.

Without questioning that the evidence justified an assessment of damages for the father's pecuniary loss, the defendant insists, as it did in both state courts, that the recovery could not include anything for pain and suffering of the decedent, first, because there was no evidence that he endured any conscious pain or suffering, and, second, because the statute requires that the recovery in such cases be restricted to either the pecuniary loss to the designated beneficiaries or the damage sustained by the injured person while he lived, and does not permit a recovery for both.

The first objection must, as we think, be overruled. The record discloses that the decedent survived his injuries more than a half hour and that they were such as were calculated to cause him extreme pain and suffering, if he remained conscious. A car passed partly over his body, breaking some of the bones, lacerating the flesh and opening the abdomen, and then held him fast under the wheels with a brake rod pressing his face to the ground. It took fifteen minutes to lift the car and release his body and fifteen minutes more to start him to the hospital in an ambulance. It was after this that he died, the time not being more definitely stated. As to whether he was conscious and capable of suffering pain the evidence was conflicting. Some of the witnesses testified that he was "groaning every once in a while" and that when they were endeavoring to pull him from under the car "he would raise his arm" and "try to pull himself," while others testified that they did not notice these indications

of consciousness and that he seemed to be unconscious from the beginning. The jury found that he was conscious and both state courts accepted that solution of the dispute. Of course, the question here is not which way the evidence preponderated, but whether there was evidence from which the jury reasonably could find that while he lived he endured conscious pain and suffering as a result of his injuries. That question, we are persuaded, must be answered in the affirmative. But to avoid any misapprehension it is well to observe that the case is close to the border line, for such pain and suffering as are substantially contemporaneous with death or mere incidents to it, as also the short periods of insensibility which sometimes intervene between fatal injuries and death, afford no basis for a separate estimation or award of damages under statutes like that which is controlling here. *The Corsair*, 145 U. S. 335, 348; *Kearney v. Boston & Worcester R. R.*, 9 Cush. 108; *Kennedy v. Standard Sugar Refinery*, 125 Massachusetts, 90; *Tully v. Fitchburg R. R.*, 134 Massachusetts, 499, 504; *Mulchahey v. Washburn Car Wheel Co.*, 145 Massachusetts, 281; *St. Louis &c. Ry. v. Dawson*, 68 Arkansas, 1, 4; *Burch v. St. Louis &c. Ry.*, 108 Arkansas, 396, 408.

By the common law the death of a human being, although wrongfully caused, affords no basis for a recovery of damages, and a right of action for personal injuries dies with the person injured. *Insurance Co. v. Brame*, 95 U. S. 754, 756; *The Harrisburg*, 119 U. S. 199, 204, 213; *Martin v. Balt. & Ohio R. R.*, 151 U. S. 673, 697; *Michigan Central R. R. v. Vreeland*, 227 U. S. 59, 67–68. Therefore in cases like this the right of recovery depends entirely upon statute law. Here the state statute is not applicable because superseded, as respects the class of cases to which this one belongs, by the Federal Employers' Liability Act. *Mondou v. N. Y., New Haven & H. R. R.*, 223 U. S. 1, 53–55; *Michigan Central R. R. v. Vreeland, supra; St. Louis*

*&c. Ry.* v. *Seale,* 229 U. S. 156, 158; *Taylor* v. *Taylor,* 232 U. S. 363. So, it is by that act that we must test the objection that the recovery could not include damages for the decedent's conscious. pain and suffering along with damages for the father's pecuniary loss.

The original act was adopted by Congress April 22, 1908. In its first section it provides for two distinct rights of action based upon altogether different principles, although primarily resting upon the same wrongful act or neglect. It invests the injured employé with a right to such damages as will compensate him for his personal loss and suffering—a right which arises only where his injuries are not immediately fatal. And where his injuries prove fatal, either immediately or subsequently (*Michigan Central R. R.* v. *Vreeland, supra,* p. 68; *Louisville & St. Louis R. R.* v. *Clarke,* 152 U. S. 230, 238), it invests his personal representative, as a trustee for designated relatives, with a right to such damages as will compensate the latter for any pecuniary loss which they sustain by the death. At first there was no provision for a survival of the right given to the injured person, and so under the operation of the rule of the common law it would die with him.

Of the right given to the personal representative we said in the *Vreeland Case,* p. 68: "This cause of action is independent of any cause of action which the decedent had, and includes no damages which he might have recovered for his injury if he had survived. It is one beyond that which the decedent had,—oné proceeding upon altogether different principles. It is a liability for the loss and damage sustained by relatives dependent upon the decedent. It is therefore a liability for the pecuniary damage resulting to them and for that only." And in *American R. R.* v. *Didricksen,* 227 U. S. 145, 149, we said, referring to the original act: "The cause of action which was created in behalf of the injured employé did not sur-

vive his death, nor pass to his representatives. But the act, in case of the death of such an employé from his injury, creates a new and distinct right of action for the benefit of the dependent relatives named in the statute. The damages recoverable are limited to such loss as results to them because they have been deprived of a reasonable expectation of pecuniary benefits by the wrongful death of the injured employé. The damage is limited strictly to the financial loss thus sustained."

If the matter turned upon the original act alone it is plain that the recovery here could not include damages for the decedent's pain and suffering, for only through a provision for a survival of his right could such damages be recovered after his death. But the original act is not alone to be considered. On April 5, 1910, prior to the decedent's injuries the act was "amended by adding the following section:"

"Sec. 9. That any right of action given by this Act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé, and, if none, then of such employé's parents; and, if none, then of the next of kin dependent upon such employé, but in such cases there shall be only one recovery for the same injury."

No change was made in § 1. *Taylor* v. *Taylor*, 232 U. S. 363, 370. It continues, as before, to provide for two distinct rights of action: one in the injured person for his personal loss and suffering where the injuries are not immediately fatal, and the other in his personal representative for the pecuniary loss sustained by designated relatives where the injuries immediately or ultimately result in death. Without abrogating or curtailing either right, the new section provides in exact words that the right given to the injured person "shall survive" to his personal representative "for the benefit of" the same relatives in whose behalf the other right is given. Brought into the

act by way of amendment, this provision expresses the deliberate will of Congress. Its terms are direct, evidently carefully chosen, and should be given effect accordingly. It does not mean that the injured person's right shall survive to his personal representative and yet be unenforceable by the latter, or that the survival shall be for the benefit of the designated relatives and yet be of no avail to them. On the contrary, it means that the right existing in the injured person at his death—a right covering his loss and suffering while he lived but taking no account of his premature death or of what he would have earned or accomplished in the natural span of life—shall survive to his personal representative to the end that it may be enforced and the proceeds paid to the relatives indicated. And when this provision and § 1 are read together the conclusion is unavoidable that the personal representative is to recover on behalf of the designated beneficiaries, not only such damages as will compensate them for their own pecuniary loss, but also such damages as will be reasonably compensatory for the loss and suffering of the injured person while he lived. Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong. *Davis* v. *Railway*, 53 Arkansas, 117; *Commonwealth* v. *Metropolitan R. R.*, 107 Massachusetts, 236; *Bowes* v. *Boston*, 155 Massachusetts, 344, 349; *Stewart* v. *United Electric Light Co.*, 104 Maryland, 332; *Mahoning Valley Ry.* v. *Van Alstine*, 77 Ohio St. 395; *Brown* v. *Chicago & Northwestern Ry.*, 102 Wisconsin, 137; *Nemecek* v. *Filer and Stowell Co.*, 126 Wisconsin, 71;

*Eichorn* v. *New Orleans &c. Power Co.*, 112 Louisiana, 235; *Vicksburg & Meridian R. R.* v. *Phillips*, 64 Mississippi, 693.

Much stress is laid upon the concluding clause in the new section, "but in such cases there shall be only one recovery for the same injury." Passing and reserving the question of its application where there has been a recovery by the decedent in his lifetime (see *Michigan Central R. R.* v. *Vreeland, supra,* p. 70), we think this clause, as applied to cases like the present, is not intended to restrict the personal representative to one right to the exclusion of the other, or to require that he make a choice between them, but to limit him to one recovery of damages for both, and so to avoid the needless litigation in separate actions of what would better be settled once for all in a single action. This view gives full effect to every word in the clause and ascribes to it a reasonable purpose without bringing it into conflict with other provisions the terms of which are plain and unequivocal. Had Congress intended that the personal representative should make an election between the two rights of action and sue upon one only, it is not easy to believe that it would have chosen the words in this clause to express that intention.

In *Nor. Pac. Ry.* v. *Maerkl,* 198 Fed. Rep. 1, an injured employé brought an action under the statute to recover for his injuries and shortly thereafter died by reason of them. The action was revived in the name of his personal representative and by an amended and supplemental petition damages were sought for the suffering of the deceased while he lived and also for the pecuniary loss to his widow and children by his death. Over an objection that there should be an election between the two rights of action, the plaintiff secured a verdict and judgment assessing the total damages at $9,576.80, being $936.80 on the first right of action and $8,640.00 on the second. The recovery was sustained by the Circuit Court of Appeals

for the Ninth Circuit, the court saying that "the plain meaning" of the new section is that damages for the deceased's personal loss and suffering and for the pecuniary loss to the designated beneficiaries by the death, "not only may be recovered by the personal representative of the deceased in one action, but *must* be recovered in one action only, if at all." So far as we are advised by the reported decisions, this is the view which has been taken by all the courts, Federal and state, that have had occasion to consider the question.

A brief reference to the particular circumstances in which the new section was adopted will show that they give material support to the conclusion to which we come after considering its terms.

The original act, as we have said, made no provision for the survival of the right of action given to the injured person, although such a provision existed in the statutes of many of the States. Shortly after the act two cases arose thereunder in each of which the personal representative of an injured employé, who died from his injuries, sought to recover damages for the employé's personal loss and suffering while he lived as well as for the pecuniary loss to the beneficiaries named in the act. In both cases—one in the Circuit Court for the Western District of Arkansas and the other in the Circuit Court for the District of Massachusetts—the right of the injured employé would have survived if the local statutes were applicable, and the ruling in both was that the Federal act was exclusive and superseded the local statutes, that it made no provision for a survival, and therefore that the recovery should be confined to damages for the pecuniary loss resulting to the designated beneficiaries from the death. *Fulgham* v. *Midland Valley R. R.*, 167 Fed. Rep. 660; *Walsh* v. *New York, N. H. & H. R. R.*, 173 Fed. Rep. 494. Following these decisions the amendment embodying the new section was proposed in Congress. In reporting upon it the

Committees on the Judiciary in the Senate and House of Representatives referred at length to the opinions delivered in the two cases, to the absence from the original act of a provision for a survival of the employé's right of action and to the presence of such a provision in the statutes of many of the States, and then recommended the adoption of the amendment, saying that the act should be made "as broad, as comprehensive, and as inclusive in its terms as any of the similar remedial statutes existing in any of the States, which are suspended in their operation by force of the Federal legislation upon the subject." Senate Report No. 432, 61st Cong., 2d Sess., pp. 12–15; House Report No. 513, 61st Cong., 2d Sess., pp. 3–6. While these reports cannot be taken as giving to the new section a meaning not fairly within its words, they persuasively show that it should not be narrowly or restrictively interpreted.

For these reasons we think the second objection is not tenable.

Finally, it is said that the award of $5,000 as damages for pain and suffering, even though extreme, for so short a period as approximately thirty minutes is excessive. The award does seem large, but the power, and with it the duty and responsibility, of dealing with this matter rested upon the courts below. It involves only a question of fact and is not open to reconsideration here. *Railroad Co.* v. *Fraloff,* 100 U. S. 24, 31; *The Justices* v. *Murray,* 9 Wall. 274; *Erie R. R.* v. *Winter,* 143 U. S. 60, 75; *Herencia* v. *Guzman,* 219 U. S. 44; *Southern Railway* v. *Bennett,* 233 U. S. 80.

*Judgment affirmed.*