GREAT NORTHERN RAILWAY COMPANY *v.* CAPITAL TRUST COMPANY, ADMINISTRATOR OF WARD.

ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 107. Submitted November 15, 1916.—Decided December 4, 1916.

Such pain and suffering as are substantially contemporaneous with death or mere incidents to it, as also the short periods of insensibility which sometimes intervene between fatal injuries and death, afford no basis for a separate estimation or award of damages under the Employers' Liability Act, as amended by the Act of April 5, 1910. *St. Louis & Iron Mountain Ry. v. Craft*, 237 U. S. 648, 655.

Although an error not challenged in the State Supreme Court may not be relied on here as a ground of reversal, it is proper for this court to point it out in anticipation of a possible new trial.

Under the Employers' Liability Act, as amended April 5, 1910, when the personal representative unites a claim for the injury suffered by the decedent with a claim for losses resulting to the beneficiaries from his death, the damages recoverable under the former claim are limited to such as will reasonably compensate for the loss and suffering of the injured person while he lived, and it is error to permit

the jury to increase them by taking account of his premature death
and of what he would have earned or accomplished in the natural
span of his life.  *St. Louis & Iron Mountain Ry.* v. *Craft, supra.*
127 Minnesota, 144; 128 Minnesota, 537, reversed.

THE case is stated in the opinion.

*Mr. A. L. Janes* and *Mr. M. L. Countryman* for plaintiff
in error.

*Mr. Samuel A. Anderson* for defendant in error.

MR. JUSTICE MCREYNOLDS delivered the opinion of
the court.

While employed by the railway company as a switch-
man, William M. Ward was accidentally killed, Decem-
ber 13, 1912; and the Administrator brought suit in a
state court under the Federal Employers' Liability Act, as
amended, for the benefit of his father and mother, seeking
to recover their pecuniary loss and also damages for the
injuries suffered by him prior to death.  Some evidence
tended to show that after being run over by one or more
cars, although wholly unconscious, the deceased contin-
ued to breathe for perhaps ten minutes.  Testimony of
other witnesses supported a claim that there was no appre-
ciable continuation of life.  Judgment upon an unappor-
tioned verdict, in favor of the Administrator, was affirmed
by the state Supreme Court, October, 1914.  The railway
company duly excepted to the following portions of the
charge:
   "Did Ward's injuries kill him instantly?  If he was
killed instantly, one rule of damages applies, while if he
lived some time after he was injured, another rule of
damages would apply.  There is some evidence that he
lived a few minutes after receiving his injuries; there is
other evidence that he was dead when taken out from

under the car. If you should find that Ward died from his injuries without living an appreciable length of time, then the plaintiff could only recover, if at all, what would have been the pecuniary value of Ward's life to his father and mother had he lived. . . . And in that connection it would be proper for you to consider his health, his disposition to contribute to the support of his parents, the evidence of what he customarily earned, his earning capacity, the amount he was in the habit of giving to his parents, his age, his condition in life, the length of time he probably would have lived had not this accident happened, and the expectancy of the life of the father and mother, and the reasonable expectancy of the parents in respect to benefits, if any, from the services of their son; . . .

"In case you find that Ward did not die instantly from his injuries but that he lived some appreciable length of time after the accident, then you would come to another question in the case.

"Under the law of the United States it is provided that any right of action given by the Act of Congress in reference to injuries of this kind under such circumstances, that the right of action shall survive to the personal representatives of the deceased for the benefit of his parents, if there is no surviving widow and children. And if you should find from the evidence that Ward did not die instantly from his injuries but that he lived some little time after he was injured, then, under the law, the plaintiff would be entitled to recover damages in the same amount that Ward, the deceased, would have been entitled to recover had he brought the action in his life time. That is, you can award such damages as in your judgment would be a full, fair and reasonable compensation for the loss sustained by Ward, the deceased, by reason of the injuries he received. . . . And in that connection, it would be proper for you to consider his age, his habits

of industry, his health, his ability to work, his earning capacity, and the amount he usually earned at the time he was injured, and the length of time he would probably have lived had he not been injured, using your best judgment under all the circumstances in arriving at what would be a fair compensation for his loss."

In *St. Louis & Iron Mountain Ry.* v. *Craft,* 237 U. S. 648, 655, 658 (June 1, 1915), we held that under the Employers' Liability Act, as amended in 1910, the administrator of a fatally injured employé might recover the beneficiary's pecuniary loss and also for pain and suffering endured by deceased between the moment of injury and final dissolution. We were careful, however, to say— (655) "But to avoid any misapprehension it is well to observe that the case is close to the border line, for such pain and suffering as are substantially contemporaneous with death or mere incidents to it, as also the short periods of insensibility which sometimes intervene between fatal injuries and death, afford no basis for a separate estimation or award of damages under statutes like that which is controlling here." And, referring to the two separate grounds of recovery—(658) "Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong."

The present record presents the very circumstances which we declared afforded no basis for an estimation or award of damages in addition to the beneficiary's pecuniary loss. And although apparently not challenged in the State Supreme Court and therefore not now to be

relied on as ground for reversal (*Harding* v. *Illinois*, 196 U. S. 78, 87, 88), in view of a possible new trial, it seems proper to point out that the method approved by the trial court for estimating damages where the deceased's cause of action does survive conflicts with the rule sanctioned by us in the *Craft Case.*

The judgment below is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*