## Keyser, Admin'x, v. Reading Company.

*Henninger & Snyder*, for plaintiff;  *Butz, Rupp & Welty*, for defendant.

IOBST, J., March 18, 1929.—Edwin E. Keyser, the original plaintiff in this cause, was a conductor in the employ of the Reading Company, a railroad carrier engaged in interstate commerce in Pennsylvania, New Jersey and Delaware. On March 3, 1926, Mr. Keyser was severely injured during a movement of an engine and cars at Kutztown, Pa. Suit on behalf of Keyser was instituted in this court, the action being brought under the Federal Employers' Liability Act. During the pendency of this suit, and before trial, Keyser died. A suggestion of death was duly filed and it was suggested of record that Agnes Keyser, administratrix of the estate of Edwin E. Keyser, deceased, be the plaintiff in the place and stead of Edwin E. Keyser. When the case was called for trial counsel for plaintiff desired to prove the pecuniary loss to the widow as part of the damages occasioned by the death of Mr. Keyser, due to his injuries, but was met by an objection as to the admission of that testimony under the pleadings, which objection was sustained by the court. Whereupon counsel for plaintiff moved for the amendment of the statement of claim. The motion being allowed, counsel for the defendant company claimed suprise and the case was continued. Plaintiff then filed an amended statement of claim, which was met by an affidavit of defense raising questions of law. In the affidavit, defendant alleges that the plaintiff, in her amended statement of claim, has attempted to set up a cause of action different from that alleged in the original suit; and that the personal representative's cause of action, if any, is independent of any cause of action which the decedent had, and that the plaintiff cannot, by amendment, add a new cause of action to the suit brought by the decedent in his lifetime.

When the Federal Employers' Liability Act was enacted in 1908, there was no provision for a survival of the right of action of a person who had been

injured. That defect in the original law was cured by the Act of April 5, 1910, which provided for a survival of the right of action of a person who has been injured. This act became part of the Federal Employers' Liability Act and is now known as section 59 of chapter 2, "Liability for Injuries to Employees," Title 45—Railroads, United States Code Annotated. The language of section 59 is as follows: "59. Survival of right of action of person injured. Any right of action given by this chapter to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury:" Act of April 5, 1910, ch. 143, § 2, 36 Stat. at L. 291.

In construing this amendment, the United States Supreme Court, in the case of St. Louis, Iron Mountain & Southern Ry. Co. v. Craft, 237 U. S. 648, 657, 658, says: ". . . without abrogating or curtailing either right, the new section provides in exact words that the right given to the injured person 'shall survive' to his personal representatives 'for the benefit of' the same relatives in whose behalf the other right is given. Brought into the act by way of amendment, this provision expresses the deliberate will of Congress. Its terms are direct, evidently carefully chosen, and should be given effect accordingly. It does not mean that the injured person's right shall survive to his personal representative and yet be unenforceable by the latter, or that the survival shall be for the benefit of the designated relatives, and yet be of no avail to them. On the contrary, it means that the right existing in the injured person at his death—a right covering his loss and suffering while he lived, but taking no account of his premature death or of what he would have earned or accomplished in the natural span of life—shall survive to his personal representative, to the end that it may be enforced and the proceeds paid to the relatives indicated. And when this provision and section 1 are read together the conclusion is unavoidable that the personal representative is to recover on behalf of the designated beneficiaries, not only such damages as will compensate them for their own pecuniary loss but also such damages as will be reasonably compensatory for the loss and suffering of the injured person while he lived. Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person, and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries, and is confined to their pecuniary loss through death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong, but a single recovery for a double wrong." The plaintiff here is seeking for one recovery; that of the loss and suffering of the deceased, and that of the loss of the next of kin. There is no conflict or incongruity in these claims. They supplement one another and are incidents of a wrong which finally terminated in death, as a result. The affidavit of defense must, therefore, be dismissed.

### Decree of Court.

Now, March 18, 1929, the affidavit of defense raising questions of law is dismissed and stricken from the record. The defendant may file its affidavit of defense to plaintiff's statement of claim within fifteen days from service hereof.

From Edwin L. Kohler, Allentown, Pa.