**SOUTHERN PACIFIC COMPANY,**
a corporation, Appellant,

v.

**Mary V. HEAVINGHAM, Special Administratrix of the Estate of Arthur V. Heavingham, deceased, Appellee.**

**No. 14813.**

United States Court of Appeals
Ninth Circuit.

Aug. 27, 1956.

Dunne, Dunne & Phelps, Guy L. Colburn, Jr., A. B. Dunne, John W. Martin, San Francisco, Cal., for appellant.

Hepperle & Hepperle, Herbert O. Hepperle, Robert R. Hepperle, San Francisco, Cal., for appellee.

Before HEALY, POPE and CHAMBERS, Circuit Judges.

POPE, Circuit Judge.

This is an appeal from a judgment recovered by the appellee as plaintiff in the court below against the appellant Southern Pacific Company under the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The only errors specified relate to the refusal of the trial court to instruct the jury that they could not include in their award any sum for conscious pain and suffering by the plaintiff's decedent, and the giving of an instruction by the court which permitted the jury to take into consideration that sort of damages.

Heavingham, the decedent, was employed as head brakeman on a Southern Pacific freight train which ran into and collided with the rear of another freight train near Davis, California. At the time of the collision Heavingham, the engineer, and the fireman were in the cab of an engine. On this engine the cab was on the front. The engineer had received a caution signal and had reduced speed preparatory to stopping when the caboose of the train ahead suddenly appeared through the fog in which the train was operating and although emergency brakes were applied, the collision occurred. Both the fireman and the engineer were thrown through the windows and clear of the trains. The fireman testified that he climbed up on the rear of the engine and shut the oil valve off to put out the fire in the firebox and then walk-

ed up the running board to the cab. He tried to get in but the steam in the cab was so hot that he could not get near it. He made an unsuccessful effort to reach the cab on the other side of the engine and then opened the valve which released the steam from the boiler. During this time the escaping steam was very noisy. He heard no sound from the cab. After an ambulance arrived, he went back to the engine, walked to the cab window and looked inside and saw the decedent. He told the engineer who was with him that Heavingham was dead. No other witness testified as to the circumstances of the brakeman's death.

The argument here is that there is completely lacking in the record evidence sufficient to support any award for conscious pain and suffering and that it was error for the court to instruct the jury, as it did, that such damages might be taken into consideration in fixing the amount of the recovery.[1] Appellant requested an instruction that the jury might not make any such award.

■ The testimony indicates that the cab was not crushed but remained intact after the accident. A reasonable inference is that death was caused by the steam which apparently filled the cab.[2] We are of the opinion that a jury could properly infer from the evidence before it, considered in the light of what is common knowledge relating to the effect of steam, that death was caused either by burns or by suffocation from the steam.

■ Under the Act, a personal representative such as this appellee, is permitted to recover on behalf of the designated beneficiaries, "not only such damages as will compensate them for their own pecuniary loss, but also such damages as will be reasonably compensatory for the loss and suffering of the injured person while he lived." St. Louis, Iron Mt. & S. Ry. Co. v. Craft, 237 U.S. 648, 658, 35 S.Ct. 704, 706, 59 L.Ed. 1160. In that case the railroad employee received injuries which caused his death when a car passed over his body breaking his bones and lacerating and opening his flesh and abdomen. He lived about 30 minutes. If he remained conscious his injuries were such as to cause him extreme pain and suffering. The jury found that he was conscious and the court, holding there was evidence from which the jury reasonably could find that while he lived he felt conscious pain and suffering, upheld the recovery. The court then proceeded to state by way of dictum the following rule upon which appellant principally relies here: "But to avoid any misapprehension it is well to observe that the case is close to the border line, for such pain and suffering as are substantially contemporaneous with death or mere incidents to it, as also the short periods of insensibility which sometimes intervene between fatal injuries and death, afford no basis for a separate estimation or award of damages under statutes like that which is controlling here." 237 U.S. at page 655, 35 S.Ct. at page 705.

As we understand appellant's argument, it is that there is no evidence in this case that decedent lived and was conscious for anywhere near 30 minutes (the period of time shown in the Craft case, supra,) and since that case was declared to be "close to the border line", we must hold that there was a lack of evi-

---

1. The instruction was: "There is a further issue in respect to damages that you will determine in this case. If you should find that between the time of the injury and the time of the death there was an appreciable period of time in which the deceased, not as a mere incident of death or substantially contemporaneous with it, but while he was conscious and as a proximate result of such injury suffered pain, discomfort, fear, anxiety and other physical, mental and emotional stress, you will arrive at an amount that will be just compensation for such pain and suffering. I shall refer to that sum as general damages."

2. There was received in evidence a certified copy of the county death record which stated with respect to the deceased: "Disease or condition directly leading to death: scalding burns over entire body when locomotive in which he rode crashed into another train."

dence of survival and consciousness for a sufficient period of time to permit recovery for pain and suffering here.

The court here instructed, (footnote 1, supra,) that if the decedent was conscious after the injury and before his death for "an appreciable period of time", and if his pain and suffering were "not as a mere incident of the death or substantially contemporaneous with it", then the jury might take into consideration pain and suffering in awarding damages. It is not to be doubted that this instruction is hardly in line with the language of the dictum in the Craft case quoted above, but we think that the trial judge was justified in considering that nearly 40 years had elapsed since the Craft decision, and that in the meantime the Supreme Court has in a number of decisions strongly upheld the right of the parties to have the jury determine the facts in such cases, and this even though the facts are doubtful. Thus in Bailey v. Central Vermont Ry., 319 U.S. 350, 354, 63 S.Ct. 1062, 1064, 87 L.Ed. 1444, the court said: "But the jury has been chosen as the appropriate tribunal to apply those standards to the facts of these personal injuries. That method of determining the liability of the carriers and of placing on them the cost of these industrial accidents may be crude, archaic, and expensive as compared with the more modern systems of workmen's compensation. But however inefficient and backward it may be, it is the system which Congress has provided. To deprive these workers of the benefit of a jury trial in close or doubtful cases is to take away a goodly portion of the relief which Congress has afforded them."

■■ Appellant further argues that in this case it was a mere matter of speculation as to how long the decedent lived and that the known facts are as consistent with the conclusion that he died almost instantly as with a conclusion that he lived for some substantial period of time. We are of the opinion that the jury, being entitled to make use of their general knowledge of the effect of burns upon a human body, could infer that as far as the burns were concerned, Heavingham, although burned upon every portion of his body, would nevertheless not die or lose consciousness immediately but would probably live and have consciousness for an appreciable period of time. And if the jury were of the view that he probably suffocated from the steam, they would have the right to conclude that a man whose breath has been cut off nevertheless would remain conscious for an appreciable period of time. The present course of decision of the Supreme Court, differing from the suggested conclusion in the Craft case, is stated in Tennant v. Peoria & P. U. Ry. Co., 321 U.S. 29, 35, 64 S.Ct. 409, 412, 88 L.Ed. 520, as follows: "It is not the function of a court to search the record for conflicting circumstantial evidence in order to take the case away from the jury on a theory that the proof gives equal support to inconsistent and uncertain inferences. The focal point of judicial review is the reasonableness of the particular inference or conclusion drawn by the jury. It is the jury, not the court, which is the fact-finding body. It weighs the contradictory evidence and inferences, judges the credibility of witnesses, receives expert instructions, and draws the ultimate conclusion as to the facts. The very essence of its function is to select from among conflicting inferences and conclusions that which it considers most reasonable. * * * That conclusion, whether it relates to negligence, causation or any other factual matter, cannot be ignored. Courts are not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable."

Although the dictum in the Craft case was approved by the Supreme Court in Great Northern Ry. Co. v. Capital Trust, 242 U.S. 144, 147, 37 S.Ct. 41, 61 L.Ed. 208, we think the Court would not do so today. The more recently expressed view that issues of this nature even in doubtful cases should be left to the jury, suggests that as of now the Supreme Court

would approve the instruction given by the trial court here.

In Isaacson v. Boston, Worcester & N. Y. St. Ry. Co., 1932, 278 Mass. 378, 180 N.E. 118, the court rejected a requested instruction substantially the same as that made by the appellant in this case and rejected by the court. The decedent there was burned to death following an automobile accident. A witness testified that he saw the decedent in the middle of the flames trying to get up and then fall on his knees and sink down slowly face forward. He heard the man groaning or moaning. Another testified that he saw the injured man standing up in the flame, groping with his hands, then fall down, try to stand up and fall down again. Another saw him stand up in the center of the fire, his face black, groping with his hands. He took two steps and fell down. Said the court, 180 N.E. at page 124: "The evidence that he was 'standing up in the centre of the fire' and was groping with his hands is not naturally explainable as reflex movements, but tends to show consciousness and an intelligent attempt to escape from the fire. The nature of the groans as above described to the jury and the sharp intake of breath described cannot be said as matter of law not to indicate the pain and suffering of a dying man. Although the case is close upon this issue, we cannot say that the foregoing testimony did not indicate conscious suffering. It follows that the forty-second request was denied rightly."

Reference to the case of Tri-State Poultry Co-operative, Inc., v. Carey, 1948, 190 Md. 116, 57 A.2d 812, and to Royal Indemnity Co. v. Pittsfield Electric Co., 1935, 293 Mass. 4, 199 N.E. 69, will disclose citations of many cases in line with the Isaacson case, supra, from which we have quoted. In those cases damages for pain and suffering have been sustained where the interval between the injury and death has been very short and the question of consciousness a close one. In the Maryland case [190 Md. 116, 57 A.2d 817] cited above,

the court, while noting that the burden is upon the plaintiff to prove the facts showing survival and consciousness for an appreciable period of time, yet said: "The period between the accident and death may be short, yet, if the evidence shows that the decedent lived after the accident, was conscious and suffered pain, his representative is entitled to recover in an action like the one in this case."

We think that the trial court was not in error and the judgment is affirmed.