Hazel M. ZYCH, Widow of Louis Carl Zych and Hazel M. Zych, Administratrix of The Estate of Louis Carl Zych, deceased,

v.

The PENNSYLVANIA RAILROAD COMPANY, a corporation of the Commonwealth of Pennsylvania.

Civ. A. No. 1853.

United States District Court
D. Delaware.

Dec. 5, 1958.

William Prickett, Jr., of Prickett & Prickett, Wilmington, Del., and Richter, Lord & Levy, Philadelphia, Pa., for plaintiff.

Joseph H. Geoghegan, of Berl, Potter & Anderson, Wilmington, Del., for defendant.

LAYTON, District Judge.

This is an accident case in which the decedent was killed as the result of a collision between his automobile and defendant's train. Motions to dismiss and for summary judgment have been filed.

Upon consideration, I have concluded that the motion to dismiss is not sufficiently meritorious to justify discussion. It is denied.

The motion for summary judgment raises an interesting question, however. The administratrix claims damages, inter alia, for decedent's pain and suffering prior to death. The motion seeks to delete all such damages from the jury's consideration upon the ground that decedent died instantaneously.

An authoritative statement of the law governing such situations may be found in L.R.A.1916C, 973, at page 981. There it is stated:

"To authorize the recovery of damages for pain and suffering there must be some appreciable interval of conscious suffering after the injury. Such pain and suffering as are substantially contemporaneous with death, or mere incidents to it, as also the short periods of insensibility which sometimes intervene between fatal injuries and death, afford no basis for a separate estimation or award of damages * * * the mere fact that there is some slight spasmodic action of the body of the injured person to indicate that life is not entirely extinct is not sufficient to prevent the death from being instantaneous."

See also Great Northern Ry. Co. v. Capital Trust Co., 242 U.S. 144, 37 S.Ct. 41, 61 L.Ed. 208; St. Louis, Iron Mountain & S. R. Co. v. Craft, 237 U.S. 648, 35 S.Ct. 704, 59 L.Ed. 1160.[1]

The facts of the case as related by deposition and affidavit are these: When the car and train collided, the former was knocked off the road a number of feet, the door opened and decedent's body was tossed out. As he fell, his head hit a fence post crushing the head. All persons who came upon the body just after the accident seem to agree that decedent was unconscious. One heard him moan; another did not but saw his chest expand and heard a gasp. They felt his pulse and there was none. Several minutes could have elapsed between the collision and the time the first witnesses came upon the body. Perhaps a minute or two elapsed between then and the time it was decided that there was no pulse. About fifteen minutes thereafter, a physician pronounced the decedent dead and gave a statement to the effect that death was instantaneous. By this I must infer he meant instantaneous upon decedent's head striking the post.

The physician's statement was not in affidavit form which does not comply with the Rule.[2] Mostly for this reason, the motion will be denied but this is a borderline case. If we assume that the doctor will testify to the contents of his statement, this would seem to rule out the possibility of recovery for pain and suffering from the instant decedent's head struck the post. L.R.A.1916C, at page 981, supra. There remain the few seconds between collision and contact of the decedent's head with the post. Such pain and suffering as he may have experienced in this very brief interval may be ruled out as recoverable damages under the rationale of St. Louis & Iron Mountain Ry. v. Craft, supra. Moreover, there is no evidence of the existence of pain during this very short period so that to a large extent, any estimation of damages would be based on conjecture.

 For the reason that the doctor's statement was not under oath, I will deny summary judgment upon the theory that there may be a slight issue of fact for a jury to resolve but with the warning that, depending upon the testimony, the issue of pain and suffering may be either withdrawn entirely or submitted to a jury upon a very limited basis.

Order in accordance with opinion.

---

1. Delaware has no law on this subject and I would assume its highest court would follow what appears to be the settled rule above referred to.

