James W. WIGGINS, Jr., Plaintiff,

v.

LANE & COMPANY, Inc. and Employers' Liability Assurance Corporation, Ltd., Defendants.

Civ. A. No. 67–629.

United States District Court
E. D. Louisiana,
New Orleans Division.

March 13, 1969.

John H. Brooks, New Orleans, La., for plaintiff.

Gordon F. Wilson, Jr., New Orleans, La., for defendants.

RULING ON DEFENDANT'S MOTION FOR DIRECTED VERDICT AND/OR JUDGMENT NOTWITHSTANDING THE VERDICT

RUBIN, District Judge:

In this death action under the Jones Act,[1] after the jury returned a verdict for the decedent's suffering prior to his death, the defendant moved "for a directed verdict" or a "judgment notwithstanding the vedict" on the ground that there was no evidence that the decedent suffered pain, or, if he did, that his pain was of such brief duration as not to permit recovery. The jury found that the decedent experienced "conscious pain from the time of [his] initial injury to the time of death." The evidence before it indicated that the decedent was working on a pile driving rig approximately fifty feet above the deck of a barge. He was holding a rope when he was struck in the chest with great force by a piling being raised for placement in the leads and fell to the deck of the barge. Medical experts testified that he probably died the instant he hit the deck. The same experts offered no opinion as to whether he was conscious during the fall.[2]

1. 41 Stat. 1007 (1920), 46 U.S.C.A. § 688.

2. Here the plaintiff contends that the decedent may have dangled in the air clinging to the rope a moment before he fell but there was no evidence of this.

In St. Louis, I. M. & S. Ry. Co. v. Craft, 1915, 237 U.S. 648, 35 S.Ct. 704,

59 L.Ed. 1160 the evidence concerning the decedent's consciousness between injury and death was conflicting. The Court noted:

"Of course, the question here is not which way the evidence preponderated, but whether there was evidence from

Viewed most favorably to the plaintiff, the evidence indicates that the decedent struck the deck about two seconds after the initial blow.[3] The jury awarded $10,000 for the decedent's pain and suffering under the survivorship section of the Federal Employers' Liability Act, 45 U.S.C.A. § 59, made applicable here by the Jones Act. Section 59 provides: "Any right of action given by this chapter to a person suffering injury shall survive ·* * *" in favor of designated representatives.

Under Rule 50(b) we treat the defendant's motion as a motion to have judgment entered on the verdict set aside and to have judgment entered in accordance with defendant's motion for a directed verdict.

The history of the enactment of state and federal wrongful death and survivorship statutes is thoroughly traced in two articles by Professor Wex S. Malone, "American Fatal Accident Statutes—Part I: The Legislative Birth Pains," 1965 Duke L.J. 673, and "The Genesis of Wrongful Death," 17 Stanford L.Rev. 1043 (1965). The common law doctrine stemmed from the rule adopted by English courts that "in a civil court the death of a human being could not be complained of as an injury." Baker v. Bolton, 1808, 1 Camp.

493, 170 Eng.Rep. 1033. This opinion, rendered by Lord Ellenborough, "whose forte," Professor Prosser says, "was never common sense,"[4] was accepted in the United States with the result that it was cheaper for the defendant to kill a person than to tweak his nose. The rule was changed in England by the Fatal Accidents Act of 1846,[5] otherwise known as Lord Campbell's Act. This created a cause of action for the death in favor of the decedent's personal representatives, for the benefit of designated persons.

Each of the United States has adopted a statute changing the rule of Baker v. Bolton. A majority follow the pattern of Lord Campbell's Act; some merely preserve the cause of action vested in the decedent at the moment of his death and enlarge it to include the damages resulting from his death. "One important difference between the two types of statutes," Prosser says, "may be that where death is instantaneous, or substantially so, there can be no cause of action under the survival acts, since the decedent has had no time to suffer any appreciable damages, and so no cause of action ever has vested in him. This is not, however a necessary conclusion under such statutes; and in any case recovery does not depend upon conscious-

---

which the jury reasonably could find that while he lived he endured conscious pain and suffering as a result of his injuries. That question, we are persuaded, must be answered in the affirmative." 237 U.S. at 655, 35 S.Ct. at 705, 59 L.Ed. at 1162. See note 13 infra.

3. The fall itself lasted 1.76 seconds. This is determined from Galileo's formula to measure the force of gravity as it affects the speed of a falling body.

For the mathematician or the curious, that time was computed as follows: An object, regardless of weight, falls at an acceleration rate of 32 feet per second per second. To compute the time for an object to fall a given distance, the following formula is applied:

$d = \frac{1}{2} gt^2$ or

Distance = $\frac{1}{2}$ acceleration of gravity (32 feet per second per second $\times$ time of fall

Assuming the distance to be 50 feet:

$50 = \frac{1}{2} gt^2$

$50 = \frac{1}{2} 32 t^2$

$25 = \frac{1}{2} 16 t^2$

$25 = 8 t^2$

$t^2 = 25/8$ or $3.12$

The square root of 3.12 is 1.76 (seconds).

4. Prosser on Torts, 924 (3d ed. 1964). See the excellent brief discussion of wrongful death acts in Prosser, supra at 923–937, which is a source for some of the material used here. See also 2 Harper & James, The Law of Torts, §§ 24.1–24.7 (1956) for a full discussion of wrongful death and survival actions and citations to many cases and law review articles.

5. 9 & 10 Vict. c. 93.

ness of the injured person before his death. The suddenness of death is of course no bar at all to an action under statutes of the Lord Campbell type."[6]

The history of the federal statute is set forth succinctly in St. Louis, Iron Mountain & Southern Railway Company v. Craft, 1915, 237 U.S. 648, 35 S.Ct. 704, 59 L.Ed. 1160. In 1908 Congress adopted a wrongful death act for railroad employees, 45 U.S.C.A. § 51 et seq. Two years later it added the survival provision, Section 59. The statute provides "for two distinct rights of action based upon altogether different principles, although primarily resting upon the same wrongful act or neglect. It invests the injured employee with a right to such damages as will compensate him for his personal loss and suffering,—a right which arises only where his injuries are not immediately fatal. And where his injuries prove fatal, either immediately or subsequently [citations omitted] * * * it invests his personal representative, as a trustee for designated relatives, with a right to such damages as will compensate the latter for any pecuniary loss which they sustain by the death." 237 U.S. at 656, 35 S.Ct. at 705, 59 L.Ed. at 1163.

The *Craft* case involved an issue similar to the one here. The decedent survived his injuries more than a half hour. There was conflicting evidence concerning whether or not he was conscious and was capable of suffering pain, but the jury found that he was, and awarded damages of $11,000 for pain and suffering. This amount, however, was reduced to $5,000 by the Arkansas Supreme Court and the judgment was affirmed. The Court held that there could be a separate recovery for the pain and suffering and that the amount awarded "does seem

large," but this involved only a "question of fact * * * not open to reconsideration" by the Supreme Court. 237 U.S. at 661, 35 S.Ct. at 707, 59 L.Ed. at 1165. In reaching its conclusion the Court observed, in a sentence now seized on by the defendant, " * * * that the case is close to the border line, for such pain and suffering as are substantially contemporaneous with death or mere incidents to it, as also the short periods of insensibility which sometimes intervene between fatal injuries and death, afford no basis for a separate estimation or award of damages under the statutes like that which is controlling here." [Citations omitted.] 237 U.S. at 655, 35 S.Ct. at 705, 59 L.Ed. at 1162.

This was based on such precedents as the statement in The Corsair, 1892, 145 U.S. 335, 348, 12 S.Ct. 949, 953, 36 L.Ed. 727, 731: "[F]right for a few minutes is too unsubstantial a basis for separate estimation of damages."[7]

The statutory language does not support these observations. If a seaman fell from the mast into the sea, was rescued a few seconds later after almost drowning, was given artificial respiration, and brought back to consciousness, it would appear certain that he could recover for the fright suffered in the moments when he thought he was falling to his death.[8] The survivorship statute draws no distinction that would eliminate the cause of action because the decedent's suffering was in fact brief.

There is a full exposition of the reasons why the issue of conscious pain and suffering is uniquely for the jury in Southern Pacific Company v. Heavingham, 9 Cir., 1956, 236 F.2d 406. A railroad brakeman was killed when steam filled the cab that he was riding. The jury was instructed that it should

---

6. Prosser, note 4 supra, at 924–25.

7. Death was by drowning.

8. *Cf.* Smith v. United States, D.C.Tex. 1953, 121 F.Supp. 778, aff'd on other issues, 5 Cir., 1955, 220 F.2d 548, discussed at text accompanying note 10 infra. In *Smith*, the court, as trier of fact, concluded: "as the record stands, the only

certain period of mental and physical suffering is from the time he began to fall until he struck the dock, and the amount of damages, if any, recoverable therefor would be a mere guess. I do not think Libellant, under this record, is entitled to recover therefor." 121 F.Supp. at 784–785.

award damages for pain and suffering if there was "an appreciable period of time in which the deceased, not as a mere incident of death or substantially contemporaneous with it, but while he was conscious and as a proximate result of such injury suffered pain, discomfort, fear, anxiety and other physical, mental and emotional stress * * *." 236 F.2d at 408 n. 1. While the court considered the instruction "hardly in line with the language of the dictum in the Craft case," 236 F.2d at 409, it thought that the Supreme Court would not follow that dictum today as a matter of law but would leave the issue to the jury.

Notwithstanding the observation in The Corsair, in Petition of Marina Mercante Nicaraguense, S.A., S.D.N.Y.1965, 248 F.Supp. 15, $1500 damages was allowed for two or three minutes pain and suffering when a tug sank and the decedent drowned. In footnote 34 to his opinion, a copy of which is set forth below,[9] Judge Weinfeld cited a number of cases in which awards had been made for brief periods of pain and suffering before death. Similarly when a plane suddenly exploded and crashed into the At-

lantic Ocean, Judge Weinfeld said, in Noel v. Linea Aeropostal Venezolana, S.D.N.Y.1966, 260 F.Supp. 1002:

"The fact that death came in a matter of minutes, or even less, does not necessarily preclude an award for conscious pain and suffering." [10]

Smith v. United States, D.C.Tex.1953, 121 F.Supp. 778, aff'd as to other issues, 5 Cir., 1955, 220 F.2d 548, appears to reach a contrary conclusion. The decedent fell while climbing a 30 foot ladder without a prior injury. In *Smith*, however, there was no conscious physical suffering during the fall and the court, acting as trier of fact, found that the amount of damages for the mental suffering of falling itself would be speculative.[11]

Counsel for defendant cite Zych v. Pennsylvania Railroad Company, D.C. Del.1958, 168 F.Supp. 849, where there was a claim for suffering during the few seconds between the time a car and train collided and the time the decedent was thrown from the car against a fence post and died. The court observed,

"Such pain and suffering as he may have experienced in this very brief

9. "We do not read Moore-McCormack Lines, Inc. v. Richardson, 295 F.2d 583, 587 [96 A.L.R.2d 1085] (2d Cir. 1961), cert. denied, 368 U.S. 989, 82 S.Ct. 606, 7 L.Ed.2d 526 (1962), as establishing a rule of law concerning the hourly value of the pain and suffering endured while in the sea following the sinking of a vessel; the Richardson case itself recognized that 'awards in each case turn on * * * many varied facts * * *.' 295 F.2d at 587. Substantial awards have been allowed in this circuit for brief periods of pain and suffering. See Petition of the Diesel Tanker A. C. Dodge, Inc., 282 F.2d 86, 87–88 (2d Cir. 1960) ($5,000 award; tanker sank within five minutes; decedent enveloped in flames just prior to sinking); Civil v. Waterman S. S. Corp., 217 F.2d 94, 96, 99 (2d Cir. 1954) ($1,500 award; decedent stabbed during an altercation and 'died soon thereafter'); Meehan v. Central R. R., 181 F.Supp. 594, 625–626 (S.D. N.Y.1960) ($10,000 award under New Jersey law for drowning when railroad car in which decedent was riding fell into river). Accord, Grantham v. Quinn

Menhaden Fisheries, Inc., 344 F.2d 590 (4th Cir. 1965) ($2,000 award; decedent drowned in a matter of minutes); Hickman v. Taylor, 75 F.Supp. 528, 530, 533 (E.D.Pa.1947), aff'd, 170 F.2d 327 (3d Cir. 1948), cert. denied, 336 U.S. 906, 69 S.Ct. 485, 93 L.Ed. 1071 (1949) ($1,000 award; decedent drowned in a matter of minutes)."

10. 260 F.Supp. at 1006. Judge Weinfeld's footnote 25 reads:

"Petition of The A. C. Dodge, Inc., 282 F.2d 86, 88 (2d Cir. 1960); Civil v. Waterman S. S. Corp., 217 F.2d 94, 97–99 (2d Cir. 1954); Petition of Marina Mercante Nicaraguense, S. A., 248 F.Supp. 15 (S.D.N.Y.1965), modified in part, 364 F.2d 118 (2d Cir. 1966); Meehan v. Central R. R., 181 F.Supp. 594, 625 (S.D.N.Y.1960). See also, Grantham v. Quinn Menhaden Fisheries, Inc., 344 F.2d 590 (4th Cir. 1965); Hickman v. Taylor, 75 F.Supp. 528, 533 (E.D. Pa.1947), aff'd, 170 F.2d 327 (3d Cir. 1948), cert. denied, 336 U.S. 906, 69 S. Ct. 485, 93 L.Ed. 1071 (1949).

11. See note 8 supra.

interval may be ruled out as recoverable damages under the rationale of St. Louis & Iron Mountain Ry. v. Craft, supra. Moreover, there is no evidence of the existence of pain during this very short period so that to a large extent, any estimation of damages would be based on conjecture." 168 F.Supp. at 850.

But then the court denied summary judgment, saying,

"For the reason that the doctor's statement was not under oath, I will deny summary judgment upon the theory that there may be a slight issue of fact for a jury to resolve but with the warning that, depending upon the testimony, the issue of pain and suffering may be either withdrawn entirely or submitted to a jury upon a very limited basis." 168 F.Supp. at 850.

A majority of the state courts that have considered the issue have allowed damages. See, for example, Hall v. State of Louisiana, La.App. 3 Cir., 1968, 213 So.2d 169, awarding $2,000 for pain and anguish during a period of five minutes prior to death by drowning. Tri-State Poultry Cooperative, Inc. v. Carey, 1948, 190 Md. 116, 57 A.2d 812, 817 and Royal Indemnity Co. v. Pittsfield Electric Co., 1935, 293 Mass. 4, 199 N.E. 69, contain citations to numerous state court decisions sustaining awards for pain and suffering where the interval was very brief and the issue of consciousness was a close one. See also St. Louis, I. M. & S. Ry. Co. v. Stamps, 1907, 84 Ark. 241, 104 S.W. 1114, where the court affirmed a jury award for suffering by the deceased during the brief period following his being struck by a locomotive. The decedent was knocked from a bridge, fell to an iron girder striking it with enough force to make him bounce, fell into water twenty to twenty-five feet below, and drowned.

The defendant's reliance on cases in which there was no finding of conscious pain is misplaced. See, for example, Petition of Oskar Tiedemann & Co., D.C. Del., 1964, 236 F.Supp. 895; Gardner v. National Bulk Carriers, Inc., E.D. Va.1963, 221 F.Supp. 243 and Tate v. C. G. Willis, Inc., D.C.Va.1957, 154 F. Supp. 402.[12] The same is true of Davis v. Parkhill-Goodloe Co., 5 Cir., 1962, 302 F.2d 489, for the court there held only that "substantial evidence will be required to sustain a finding of consciousness upon which to rest the permissible

---

12. The dictum in *Craft* was reaffirmed in Great Northern R. Co. v. Capital Trust Co., 1916, 242 U.S. 144, 37 S.Ct. 41, 61 L.Ed. 208, where there was evidence that the injured switchman lived for approximately 10 minutes after the injury. But the evidence likewise indicated that he was unconscious, thus making the length of the period of survival irrelevant and the Court's remarks dictum.

13. The essential elements for recovery of damages for pain and suffering under the survivorship provision of F. E. L. A. are survival, consciousness, and suffering (either mental or physical). Although many cases speak of denying recovery in cases of "instantaneous death" (see, e. g., Zych v. Pennsylvania R. Co., D.Del. 1958, 168 F.Supp. 849) the weight of present medical knowledge favors a concept of death "as a process rather than an event." Dowd, "The Medical, Moral, And Legal Implications of Recent Medical Advances—A Symposium (Introduction)," 13 Villanova L.Rev. 732, 733 (1968). See also, generally, Chapter I of Houts, "Death" (1967).

The need for reconciling this medical concept with the legal definition, which relies on cessation of perceptible vital signs, is increased by advances in transplanting hearts. See generally the discussion in 13 Villanova L.Rev., supra, pages 732–783. The problem is discussed in Houts, supra, where the author suggests, "Of necessity, the law is interested in perceptible death, an event subject to practical proof." The problems of proof vary, however, depending upon what legal consideration is involved. Even assuming survival during the "period of dying," consciousness must also be proved under Section 59. As in the case before us, proof of probable survival has generally been emphasized and proof of probable consciousness neglected when the latter should have been the more pertinent

assumption of pain." [13] Here the jury's finding is supported by evidence, and this concludes the fact.[14]

The rationale of the statute as well as the weight of current authority support recovery. The defendant's motion is therefore denied.[15]

---

inquiry. Hence, it may be more proper to speak of denying recovery where there was "instantaneous unconsciousness" following the initial injury.

14. See note 2 supra.

15. After this opinion was prepared and while a companion motion for a remittitur was pending, counsel informed the court that the case had been settled. Therefore no action was taken on that motion.