**PHILLIPS v. LUST.**

Civil Action No. 3702—47.

United States District Court
District of Columbia.

Jan. 31, 1949.

. Jackson Brodsky, of Washington, D. C., for defendant, for the motion.

Henry Lincoln Johnson, Jr., of Washington, D. C., for plaintiff, opposed.

HOLTZOFF, District Judge.

Count Two of the amended complaint seeks to recover for personal injuries sustained by the plaintiff's decedent prior to his death. Until recently such an action would not have survived under the laws of the District of Columbia. The Act of June 19, 1948, Public Law 677, 80th Con

gress, D.C.Code 1940, §§ 12—101, 20—501, provided for the survivorship of tort actions in behalf of or against a decedent. There is a limitation contained in the Act, however, reading as follows:

"That in tort actions, the said right of action shall be limited to damages for physical injury except for pain and suffering resulting therefrom."

While perhaps this proviso is somewhat inartificially drawn, nevertheless, it is not ambiguous. It permits a recovery of damages for physical injury, but excepts therefrom an allowance for pain and suffering. The legislative history of the statute supports this conclusion. When the bill was considered on the floor of the House of Representatives, the Member of the House who was in charge of the legislation made the following statement (Cong.Record, Vol. 94, p. 7632):

"Originally the act as passed by the Senate included the right to recover for pain and suffering. The committee struck out and eliminated the right of recovery for pain and suffering."

It is clear that Congress intended to preclude the survivorship of the right to recover damages for pain and suffering, and it is also clear that the act, as passed, accomplishes this purpose. Otherwise, the phrase "except for pain and suffering resulting therefrom" would be meaningless.

It is the view of this Court, therefore, that although an action for damages for physical injury now survives, no allowance may be had for the item of pain and suffering in such an action, in favor of or against a decedent.

This interpretation of the statute does not, however, permit the Court to grant defendant's motion to dismiss Count Two. That count alleges that the plaintiff's decedent, during his lifetime, suffered grievous and painful burns and injuries. This allegation is not limited to an allegation of pain and suffering. Under these averments it would be possible for the plaintiff to seek recovery for hospital and medical expenses and for other disbursements incurred as a result of defendant's negligence. The right to recover items of this type clearly survives. For this reason the motion to dismiss Count Two of the amended complaint is denied.