**SOROKA et al. v. BELOFF.**

Civ. No. 694–49.

United States District Court
District of Columbia.

Nov. 6, 1950.

not survive the death of either the plaintiff or the defendant. This principle was embodied in Section 235 of the 1901 Code of the District of Columbia, D.C.Code 1940, Title 12, Sec. 101, which reads as follows: "Sec. 235. *Right of Action to Survive.*—On the death of any person in whose favor or against whom a right of action may have accrued for any cause except an injury to the person or to the reputation, said right of action shall survive in favor of or against the legal representatives of the deceased; but no right of action for an injury to the person, except as provided in chapter forty-five of this code, or to the reputation, shall so survive."

This rule, which came down from the early days of the common law, often gave rise to grave injustice. In many jurisdictions it had been abolished by statute. The modern trend was followed in the District of Columbia by the passage of the Act of June 19, 1948, 62 Stat. 487, which amended the foregoing section of the Code to read as follows: "Sec. 235. On the death of any person in whose favor or against whom a right of action may have accrued for any cause prior to his death, said right of action shall survive in favor of or against the legal representative of the deceased: *Provided, however,* That in tort actions, the said right of action shall be limited to damages for physical injury except for pain and suffering resulting therefrom."

It will be observed that the express exception as to rights of action for injuries to the person or to the reputation was stricken by this statute. It seems to follow that rights of action for injury to the person or for libel or slander, as well as all other rights of action, now survive in favor of or against the legal representatives of the deceased.

It is urged, however, that this result is negatived by the proviso at the end of the amended section, which reads: "That in tort actions, the said right of action shall be limited to damages for physical injury except for pain and suffering resulting therefrom". It is argued that in spite of the deletion of the exception as to rights

Alvin L. Newmyer, Jr., of Washington, D. C., for defendant, for the motion.

Abraham Chasanow, of Washington, D. C., for plaintiffs, opposed.

HOLTZOFF, District Judge.

The question presented is whether a right of action for slander survives the defendant's death. In this suit for slander the defendant's attorneys have filed a motion suggesting his death subsequently to the commencement of the action and requesting dismissal of the action on the ground that it has abated.

Prior to June 19, 1948, rights of action for personal injuries, libel or slander, did

of action for injuries to the person or to the reputation, this proviso restricts survival only to those tort actions in which damages for personal injuries are sought and that even in those cases there can be no recovery for pain and suffering. Were this line of reasoning to be adopted, the result would be not only that rights of action for injury to reputation would not survive, but that even other rights based on torts, such as rights of action for property damage would also abate as a result of the death of either the plaintiff or the defendant. Rights of action for property damage survived under the old statute, however. In other words, this interpretation of the Act of June 19, 1948 would lead to narrowing the previously existing rule as to survival of actions, instead of broadening it. To reach such a result would be tantamount to frustrating and defeating the obvious intention of the Congress.

■ The 1948 statute was enacted for the purpose of abrogating, in part at least, the harsh rule of the common law on the subject of survival. Its objective was to expand rather than to limit survival of rights of action. Naturally in construing statutes it is the duty of the Courts to give effect to the intention of the legislative branch of the Government insofar as possible.

■ A difficulty is indeed created by the use of the phrase "tort actions" in the proviso. This clause quite obviously, however, relates to suits to recover damages for personal injuries. Applying the well recognized maxim of statutory construction, *noscitur a sociis*, the words "tort actions", being used in connection with rights of action for damages for physical injury, should be construed to refer to actions for personal injuries and not to tort actions generally. So interpreted the proviso would read as though it were phrased as follows: *"Provided, however, That in actions for personal injuries, the said right of action shall be limited to damages for physical injury, excluding, however, pain and suffering resulting therefrom."*

This analysis would seem to render the section clear. It repeals the exception of the prior statute that causes of action for injuries to the person or to the reputation shall not survive, thereby extending survival to all rights of action whatsoever. The proviso, however, limits the measure of damages to be recovered in actions for personal injuries to damages for physical injury, excluding compensation for pain and suffering. In other words, in case either the plaintiff or the defendant in an action for personal injuries dies, the measure of damages becomes limited to damages for physical injury other than pain and suffering. The result is that there can be no recovery for pain, suffering or mental anguish in such a case. In effect, only pecuniary damages, such as medical and hospital expenses, and loss of earnings may be recovered.

■ The doctrine, *noscitur a sociis*, means that the significance of a doubtful word may be ascertained by reference to the meaning of words associated with it. This principle has frequently been invoked by the Courts in order to effectuate the obvious intent of the legislature, United States v. Baumgartner, D.C., 259 F. 722, 724; United States v. One Ford Coupe, D.C., 33 F.Supp. 291, 292; Aikin v. Wasson, 24 N.Y. 482, 484.

■ It is also well settled that a statute should not be so construed as to arrive at an absurd or unjust result or one obviously not intended by the legislature. In applying this principle the courts have gone so far as to place a restricted meaning on a broad term in a statute, or to read an exception into it not found in the express language of the enactment, United States v. Kirby, 7 Wall. 482, 486, 19 L. Ed. 278; United States v. Church of the Holy Trinity, 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226; Helvering v. New York Trust Co., 292 U.S. 455, 54 S.Ct. 806, 78 L.Ed. 1361.

In United States v. Kirby, supra, 7 Wall. at pages 486-487, Mr. Justice Field made the following statement:

"All laws should receive a sensible construction. General terms should be so

limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore, be presumed that the legislature intended exceptions to its language, which would avoid results of this character. The reason of the law in such cases should prevail over its letter.

"The common sense of man approves the judgment mentioned by Puffendorf, that the Bolognian law which enacted, 'that whoever drew blood in the streets should be punished with the utmost severity', did not extend to the surgeon who opened the vein of a person that fell down in the street in a fit. The same common sense accepts the ruling, cited by Plowden, that the statute of 1st Edward II, which enacts that a prisoner who breaks prison shall be guilty of felony, does not extend to a prisoner who breaks out when the prison is on fire—'for he is not to be hanged because he would not stay to be burnt'."

In the light of the foregoing considerations, the Court reaches the conclusion that as a result of the enactment of the 1948 statute, all rights of action including those for personal injuries, libel and slander now survive, subject to a limitation on the measure of damages that may be recovered in an action for personal injuries in the event of the death of the plaintiff or defendant.

Motion to dismiss denied.