**COLEMAN v. MOORE et al.**

Civ. A. No. 1291-50.

United States District Court
District of Columbia.

Nov. 26, 1952.

Henry Lincoln Johnson, Jr., of Washington, D. C., for plaintiff.

Frank Roberson and George D. Horning, Jr., both of Washington, D. C., for defendant Capital Transit Co.

Paul J. Sedgwick and J. Lawrence Hall, both of Washington, D. C., for defendants Leroy T. Moore and Frank Bethea.

HOLTZOFF, District Judge.

In an action to recover damages for wrongful death, a judgment for the plaintiff in the sum of $8,300 was entered on a special verdict of a jury. The defendants move for judgment notwithstanding the verdict or, in the alternative, for a new trial. The deceased, Gertrude Coleman, was a passenger in a taxicab, which was in a collision with a streetcar, and died shortly after the impact as a result of the injuries sustained in the accident. Suit

is brought by the administrator of her estate against Leroy T. Moore, the driver of the taxicab, Frank Bethea, the owner of the cab, and the Capital Transit Company, the owner of the streetcar.

The wrongful death statute of the District of Columbia provides that if there be a surviving spouse, the jury should allocate the portion of its verdict payable to the spouse and next of kin, respectively, according to the finding of damages to the various parties. In this case there was a surviving husband, while the next of kin was a son of the deceased. The jury found that the amount of damages to be awarded for the death was $8,000, of which $5,000 was allotted to the surviving spouse, and $3,000 to the son, D.C.Code 1951, Title 16, § 1201. The pertinent statute provides for the survival of the right of action accruing prior to death, Id., Title 12, § 101. The jury found that the amount of damages to be awarded for the personal injuries sustained by the deceased in her lifetime was $300. Accordingly, judgment was entered for the aggregate of these amounts.

In large part the trial became a contest as between the owner of the taxicab and the streetcar company as to which of the two was responsible for the accident. Obviously, at least one or the other was liable, although both might be, because it could not be seriously contended that the accident was inevitable.

■ The taxicab was proceeding in an easterly direction on Florida Avenue in Washington, D.C., and collided with a streetcar moving south on Eckington Place, in the intersection between the two highways. The Capital Transit Company claimed that the taxi driver entered the intersection on a wrong traffic light. The taxi driver, on the other hand, made a similar claim as to the streetcar motorman. The testimony was in conflict. The issue was purely one for the determination of the jury, which found both drivers negligent. The implication from these findings is that the motorman entered the intersection on a wrong traffic light, but that the taxi driver failed to slow down at the intersection; and that, therefore, each driver was guilty of negligence that was a proximate cause of the accident. No useful purpose would be served by summarizing the evidence. It was sharply contradictory and the disagreement among the witnesses was one properly for the jury to resolve. No reason appears to interfere with the jury's verdict in that respect.

■ The motorman was not called as a witness. The Capital Transit Company apparently found it necessary, or at least desirable, to account for his absence. It offered evidence to show that the motorman was no longer in its employ, and that efforts to locate him were of no avail. The endeavors directed to that end were described in detail. In his final argument to the jury, counsel for the taxi driver and the taxi owner argued that the efforts of the Capital Transit Company to find the motorman were not sufficiently diligent, although such a point was not advanced by plaintiff's counsel. Counsel for the co-defendant Capital Transit Company objected to this line of argument, but the objection was overruled as the Court was of the opinion that counsel in advancing this contention to the jury was within his rights. This ruling is now assigned as error. The Court adheres to its previous decision.

■■ Effective right of counsel requires that broad leeway be accorded in respect to the scope of argument to the jury. If counsel stays within the record and does not misstate its contents, and, if he makes no inflamatory remarks, and does not appeal to passion, prejudice, or emotion, he may advance such arguments as he chooses, if they are predicated on the evidence. The cogency or the logical reasoning on which a contention is based is not subject to the supervision of the Court. The trial judge may not preclude counsel from making an argument merely because he deems it illogical, or considers it not well founded in reason, as long as the limits above outlined are not exceeded.

In United States v. Beekman, 2 Cir., 155 F.2d 580, the Court approved the action of the trial judge overruling an objection to

a comment of counsel of the type involved in the instant case.

The decisions on which counsel for the Capital Transit Company rely, Egan v. United States, 52 App.D.C. 384, 396, 287 F. 958, and Billeci v. United States, 87 App. D.C. 274, 278, 184 F.2d 394, 24 A.L.R.2d 881, are not in point and involve a different principle. They relate to the correctness of a judge's charge regarding the absence of an available witness, and not to the right of counsel to comment concerning the matter.

A subject meriting serious consideration is the measure of damages. It is a basic principle that damages in a death case must be measured in the light of the situation existing as of the date of the death, and are not affected by subsequent events, The city of Rome, D.C., 48 F.2d 333, 343. The award of the sum of $5,000 to the husband is not excessive, bearing in mind the rule that he was entitled to recover not only for the financial contributions that the wife might have made to the maintenance of the household, since she was a wage earner, but also the reasonable value of her services during their joint life expectancy. The fact that two years later he remarried may not be taken into account, since it is an event subsequent to the death when the right to recover damages vested finally and absolutely, The City of Rome, supra. Similarly, the award of $3,000 to the son was not excessive in the light of the evidence that the mother was helping to finance his education. The fact that he abandoned school some time after his mother's death has no significance in this connection, not only because it is an event subsequent to the time when the right to recover damages became vested, but also because his course of action might have been caused by the loss of his mother's guiding hand.

The second count of the complaint seeks to recover, in behalf of the estate, damages sustained by the deceased in her lifetime as the result of the personal injuries suffered in the accident. The District of Columbia statute, enacted about five years ago, governing survival of rights of action is unique and differs in an important respect from other statutes on the subject. It reads as follows:

"On the death of any person in whose favor or against whom a right of action may have accrued for any cause prior to his death, said right of action shall survive in favor of or against the legal representative of the deceased: *Provided, however,* That in tort actions, the said right of action shall be limited to damages 'for physical injury except for pain and suffering resulting therefrom." D.C.Code 1951, Title 12, § 101.

It has been held that under this statute all tort actions survive the death of either the plaintiff or the defendant, and that the phrase "tort actions" in the proviso should be construed to refer to actions for personal injuries and not to comprehend all tort actions, Soroka v. Beloff, D.C., 93 F.Supp. 642. It will be observed that the proviso precludes recovery for pain and suffering in an action to recover damages for personal injuries in case the plaintiff dies during the pendency of the suit. This limitation is peculiar to the District of Columbia. It has been construed to exclude any award for pain and suffering under such circumstances. It is still possible to recover for pecuniary losses such as hospital, medical, and similar expenses, as well as other disbursements and money losses incurred during the life of the deceased and caused by the defendant's negligence, Phillips v. Lust, D.C., 82 F.Supp. 63. Whether there can be any allowance for the disability itself, as distinguished from pain and suffering caused thereby, in case of a protracted illness is a question not presented here for decision. In this case the deceased lived less than an hour after the accident. No pecuniary damages were sustained. Since pain and suffering must be excluded in determining the amount of damages, the conclusion inescapably follows that only nominal damages may be recovered on the second count. Thus, in Great Northern Ry. Co. v. Capital Trust Co., 242 U.S. 144, 37 S.Ct. 41, 61 L.Ed. 208, it was held that as the deceased died from his injuries without living an appreciable length

of time, no basis was afforded for an estimate of an award of damages.

In the instant case the jury awarded the sum of $300 as damages sustained by the deceased in her lifetime. Since the Court is of the opinion that no more than nominal damages may be awarded in respect to this aspect of the action, this amount should be reduced to $1, and to that extent the verdict is excessive.

Motion for judgment notwithstanding the verdict is denied. Motion for a new trial is granted unless the plaintiff stipulates to a reduction of the amount of damages from $8,300 to $8,001.