**Carolyn BOGEN, Executrix of the Estate of Murray Bogen, Appellant,**

**v.**

**Lucille G. GREEN, Appellee.**

**No. 4403.**

District of Columbia Court of Appeals.

Argued Jan. 15, 1968.

Decided Feb. 28, 1968.

Harold A. Sakayan, Washington, D.C., with whom James C. Gregg, Washington, D.C., was on the brief, for appellant.

Glenn A. Mitchell, Washington, D.C., with whom Jacob A. Stein, Washington, D.C., was on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge:

This appeal presents an interesting question as to the applicability of our "Survival Statute" to a claim for personal injury when the tort-feasor has died.

Lucille Green had sued for damages sustained in an automobile collision, claiming personal injuries, pain and suffering, medical expenses and other consequential damages. Her husband claimed loss of consortium. While the suit was pending, defendant Murray Bogen died and his widow and executrix, Carolyn Bogen was substituted as defendant.

At the outset of the trial, defendant conceded liability and the only question became the amount of damages recoverable. The jury awarded $5,000 to Mrs. Green. It also awarded $1,000 to Mr. Green on his claim, and that award is not being challenged.

Defendant's principal claim of error is the failure of the trial court to make a ruling as to what damages were recoverable under D.C.Code 1967, § 12–101, which reads:

On the death of a person in whose favor or against whom a right of action has accrued for any cause prior to his death, the right of action survives in favor of or against the legal representative of the deceased. *In tort actions for personal injuries, the right of action is limited to damages for physical injury, excluding pain and suffering resulting therefrom.* (Emphasis added.)

It was defendant's position at trial that because of the above noted limitation, plaintiff was limited in her recovery to the pecuniary loss she sustained. Plaintiff conceded that she could not recover for pain and suffering but argued that in addition to her pecuniary loss she was also entitled to recover for her physical injuries. (This was later argued to the jury with references to various abrasions, contusions, and sprains suffered by plaintiff.) Defendant disagreed with this interpretation of the statute and requested the trial judge to rule on the matter prior to the admission of any evidence. The trial judge failed to make the requested ruling.

It is clear that the quoted statute precludes recovery for pain and suffering where either the injured party or the wrongdoer has died prior to trial. Hudson v. Lazarus, 95 U.S.App.D.C. 16, 217 F.2d 344 (1954); Soroka v. Beloff, D.C., 93 F. Supp. 642 (1950). It seems to be true that the statute creates an unfair and somewhat anomalous situation where the tortfeasor dies, as in the case at bar. A number of jurisdictions with similar survival statutes delimit the restriction against recovery for pain and suffering to those instances where the injured person has died. See Ariz.Rev.Stat.Ann. § 14–477 (1956); Va. Code.Ann. § 8–628.1 (1950).

The rationale for such delimitation is that "'[t]he deceased bore the pain and suffering and he is the only one who should be compensated. He can't take it with him.'" S. Schrieber, Ed., Damages in Personal Injury and Wrongful Death Cases 56 (1965). And it has been argued that "* * * in the case of a deceased tort-feasor the measure of damages should not be changed since the injury to the plaintiff is not affected by the death of the wrongdoer." Livingston, Survival of Tort Actions—A Proposal for California Legislation, 37 Calif.L.Rev. 63, 67 (1949).

But it is our function to say what the law is, rather than what it should be; and we see no escaping the clear Congressional language which makes the rule op-

erative "on the death of a person in whose favor or against whom" the right of action accrued. This was noted in Hudson v. Lazarus, supra, where after recognizing the seemingly unjust restriction the court said: "But we must take the act as we find it. It excepts pain and suffering in both cases."

Similarly, in Soroka v. Beloff, supra, 93 F.Supp. at 644, it was said:

> In other words, in case either the plaintiff or the defendant in an action for personal injury dies, the measure of damages becomes limited to damages for physical injury other than pain and suffering. The result is that there can be no recovery for pain, suffering or mental anguish in such a case. *In effect, only pecuniary damages such as medical and hospital expenses, and loss of earnings may be recovered.* (Emphasis added.)

See also Phillips v. Lust, 82 F.Supp. 63, 64 (D.C.D.C.1949); Coleman v. Moore, 108 F.Supp. 425, 427 (D.C.D.C.1952).

We conclude that, having made the point in.proper and timely fashion, defendant was entitled to rulings and instructions defining the proper elements of recovery under the statute. The fact of injury alone is not a sufficient basis of recovery; an award of damages must be based on the results of the injury rather than on the mere fact of injury. Because of the failure to make the rulings requested there must be a new trial.

We find no error in allowing as a proper measure of recovery plaintiff's claim that because of her injury she was unable to prepare certain rooms for rental and thus lost rental income she would otherwise have received. It was proper to submit this for jury consideration as an item of consequential damages.

Reversed, with instructions to award a new trial.