**SUPERIOR COURT-**
OF THE
**STATE OF DELAWARE**

**VIVIAN L. MEDINILLA**
Judge

LEONARD L. WILLIAMS JUSTICE CENTER
TELEPHONE (302) 255-0626

August 23, 2021

Benjamin A. Schwartz
Schwartz & Schwartz
1140 South State Street
Dover, DE 19901

James E. Drnec
Wharton, Levin, Ehrmantraut & Klein, P.A.
300 Delaware Avenue, Suite 1110
Wilmington, DE 19899

Emily K. Silverstein
White and Williams, LLP
600 North King Street, Suite 800
Wilmington, DE 19801

> Re: *Patrick Brand, et al. v. Bayhealth Medical Center, Inc., et al.*
> C.A. No.: N20C-03-266 VLM

Dear Counsel:

This letter will serve to memorialize the Court's ruling and its reasoning for its decision regarding Defendants' Motion for Partial Summary Judgment as to Plaintiff Leland Brand. For the following reasons and those stated on the record, Defendants' Motion is **GRANTED**.

## I. Factual and Procedural Background

This case arises out of the alleged medical negligence of Defendants Bayhealth Medical Center, Inc., Bayhealth Emergency Physicians, LLC (together the "Bayhealth Defendants"), Yisrael Meir Bauer, D.O., and Lexx Healthcare, LLC (collectively "Defendants") in treating Deborah Ann Brand ("Mrs. Brand") on April 13, 2018, at Milford Memorial Hospital, which allegedly resulted in her death.

1

Patrick Brand, the husband of Mrs. Brand, brought this suit on behalf of Mrs. Brand's estate as well as himself under the Wrongful Death Statute.

In addition to Patrick Brand, Plaintiffs also include the natural children of Mrs. Brand (Angela Broomall, Anthony Broomall, and Danielle Eichenberg) as well as Mrs. Brand's stepson Leland Brand. In the Complaint, Plaintiffs allege that Leland Brand is a "[child] of Mrs. Brand."[1]

Bayhealth Defendants served Plaintiffs with interrogatories on April 30, 2020. In their response, Plaintiffs stated that Leland Brand was Mrs. Brand's stepson.[2] Leland was Patrick Brand's natural son from his first marriage and began living with Patrick and Mrs. Brand in 1989 but was never formally adopted.[3] At the time of the incident, Leland Brand was 47 years old, married and had three children of his own.[4]

On May 20, 2021, Bayhealth Defendants filed this Motion for Partial Summary Judgment as to Leland Brand. On May 27, 2021, Defendants Yisrael Meir Bauer, D.O., and Lexx Healthcare, LLC, filed a notice of joinder to the Bayhealth Defendants motion. On July 12, 2021, Plaintiff Leland Brand filed a response in opposition. Oral argument was held on August 18, 2021, where the Court ruled from the bench and granted Defendants' Motion.

## II.    Party Contentions

Defendants argue that the facts establish that Leland Brand was Mrs. Brand's stepson, and as such he cannot recover under 10 *Del. C.* § 3724(a) of the Wrongful Death Statute because stepchildren are not included in the definition of "child."[5] In support, Defendants cite to *Trievel v. Sabo*, where the Superior Court found that a stepparent could not recover under the same statute.[6]

Plaintiff Leland Brand does not contest the fact that he was Mrs. Brand's stepson and had never been formally adopted by her.[7] Rather, Plaintiff disputes that Defendants are entitled to judgment as a matter of law.[8] Plaintiff argues that no court has decided whether a stepchild can recover under the Wrongful Death Act and

---

[1] *See* Complaint, ¶ 6.
[2] Defendants' Motion for Partial Summary Judgment, D.I. 27, Exhibit B, at 2.
[3] *Id.*
[4] *Id.*
[5] *See id.* ¶¶ 8-9.
[6] *See id.* ¶ 10.
[7] *See* Plaintiff Leland Brand's Response in Opposition, D.I. 30, ¶¶ 1.-5.
[8] *Id.* ¶ 6.

2

argues that there may be reasons to treat a stepchild differently than a stepparent.[9] Finally, Plaintiff argues that the recordings of the General Assembly's debate over the Wrongful Death Act reveal an intent to "provide a broad mechanism for family members to make a claim."[10]

## III.   Standard of Review

The burden of proof on a motion for summary judgment falls on the moving party to demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[11] If the moving party satisfies its initial burden, the non-moving party must sufficiently establish the "existence of one or more genuine issues of material fact."[12] Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[13] "All facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[14] On a motion for summary judgment, the Court "will not indulge in speculation and conjecture; a motion for summary judgment is decided on the record presented and not on evidence potentially possible."[15]

## IV.   Discussion

Plaintiff is correct that no court has decided whether the term "child" includes stepchildren under the statute. However, the Court cannot find that "child" includes stepchildren under the Wrongful Death Act.

Wrongful Death was not a cause of action at common law and thus the wrongful death statute is "in derogation of the common law and must be strictly

---

[9] Plaintiff Leland Brand's Response in Opposition, ¶¶ 7-9.

[10] *Id.* ¶ 10.

[11] DEL. SUPER. CT. CIV. R. 56(c).

[12] *Quality Elec. Co., Inc. v. E. States Const. Serv., Inc.*, 663 A.2d 488, 1995 WL 379125, at *3-4 (Del. 1995); *see also* DEL. SUPER. CT. CIV. R. 56(e); *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).

[13] *Ebersole v. Lowengrub*, 180 A.2d 467, 469-70 (Del. 1962).

[14] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. 1986) (citing *Mechell v. Plamer*, 343 A.2d 620, 621 (Del. 1975); *Allstate Auto Leasing Co. v. Caldwell*, 394 A.2d 748, 752 (Del. Super. 1978)).

[15] *In re Asbestos Litigation*, 509 A.2d 1116, 1118 (Del. Super. 1986) (citations omitted).

construed."[16]  While the statute was meant to be more liberal than its predecessor,[17] as seen by comments made by members of the General Assembly during the debates, the Court must give a "fair construction of the statute and legislative intentions."[18]

The statute denotes four classes of people who may recover for a wrongful death claim.  Under 10 *Del. C.* § 3724(a), an action for wrongful death "shall be for the benefit of the *spouse, parent, child and siblings* of the deceased person."[19]  The statute defines "child" to include illegitimate children but is silent on whether stepchildren are included.[20]  Our Supreme Court has stated that when interpreting a statute "*there is an inference that all omissions were intended by the legislature.*"[21]

Plaintiff has provided no support for his argument that the term "child" includes stepchildren.  Defendants, on the other hand, have cited to *Trievel v. Sabo*, where the Superior Court held that a stepparent could not maintain a suit under the statute for the death of a stepchild.[22]  The Court also notes that the legislature took the time to add a definition of "child" but omitted including stepchildren in the definition.  If the legislature intended on including stepchildren, it could have added them under the definition at that time.  It chose not to.  While Plaintiff may be correct that there may be reasons to include stepchildren under the statute but not stepparents who do not stand in *loco parentis* to the stepchild, this is a public policy decision and not one for this Court to make.[23]  Any such decisions are best left to the legislature.

The Court would also note that it is more likely that if a stepchild were to be able to recover, it would be under § 3724(b), which states that "[i]f there are no persons who qualify under subsection (a) of this section, an action shall be for the benefit of any person related to the deceased person by blood or marriage."[24]  A stepchild is one who is related to a stepparent by marriage.  Therefore, it likely was the intent of the legislature to allow a stepchild to recover only in situations where no one under § 3724(a) was eligible.  Thus, a stepchild could not be included in the definition of "child" under § 3724(a).

---

[16] *Trievel v. Sabo*, 1996 WL 944981, at *2 (Del. Super. Mar. 13, 1996) (citing *Magee v. Rose*, Del. Super. 405 A.2d 143, 146 (1979)).

[17] *Id.*

[18] *Id.*

[19] 10 *Del. C.* § 3724(a) (emphasis added).

[20] *Id.* § 3721(1).

[21] *Leatherbury v. Greenspun*, 939 A.2d 1284, 1291 (Del. 2007) (emphasis in the original).

[22] *See Trievel*, 1996 WL 944981, at *5.

[23] *See id.* at *2.

[24] 10 *Del. C.* § 3724(b).

To the extent that Delaware courts have interpreted that a stepparent not standing in *loco parentis* to a stepchild is barred from bringing suit under 10 *Del. C.* § 3724(a), and the legislature has further chosen to define "child" but not include stepchildren in the definition, the Court finds that the term "child" as used in § 3724(a) does not include stepchildren. The Court's decision is further supported by the fact that a stepchild is only related by marriage, unless adopted by the stepparent, and thus they would fall under § 3724(b).

Leland Brand cannot maintain a suit under the Wrongful Death Act. Therefore, Defendants Motion for Partial Summary Judgment as to Leland Brand is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge