# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GWENDOLYN COOPER, Administrator, on Behalf of the Estate of Vivian K. Locke, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. N23C-08-030 CLS |
| v. | ) ) | |
| SEASONS HOSPICE & PALLIATIVE CARE OF DELAWARE, INC., SEASONS HOSPICE & PALLIATIVE CARE OF DELAWARE, LLC, and ACCENTCARE, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

Date Submitted: November 5, 2023
Date Decided: February 2, 2024

*Upon Defendants' Motion to Dismiss.* **GRANTED.**

## OPINION AND ORDER

Raj Srivatsan, Esquire, The Igwe Firm, Wilmington, Delaware, 19801, Attorney for Plaintiff, Gwendolyn Cooper, Administrator, on behalf of the Estate of Vivian K. Locke, Deceased.

Brett T. Norton, Esquire, and Dawn C. Doherty, Esquire, Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Wilmington, Delaware, 19801, Attorneys for Defendants, Seasons Hospice & Palliative Care of Delaware, Inc., Seasons Hospice & Palliative Care of Delaware, LLC, and AccentCare, Inc.

**SCOTT, J.**

1

## INTRODUCTION

Before the Court is Defendants Seasons Hospice & Palliative Care of Delaware, Inc., Seasons Hospice & Palliative Care of Delaware, LLC, and AccentCare, Inc.'s ("Defendants") Motion to Dismiss Plaintiff Gwendolyn Cooper, Administrator, on behalf of the Estate of Vivian K. Locke's ("Ms. Cooper") Complaint. The Court has reviewed the Motion and the Response. For the reasons below, Defendants' Motion to Dismiss is **GRANTED.**

## BACKGROUND

*Procedural Background*

Ms. Cooper filed a Complaint in the District Court for the District of Delaware on October 18, 2022, alleging claims of medical negligence, a survival claim, breach of fiduciary duty, wrongful death, and a claim for punitive damages against Defendants.

Defendants, in response to Plaintiff's Complaint, filed a Motion to Dismiss arguing insufficient service of process pursuant to Fed. R. Civ. P. 4(m), improper subject matter jurisdiction, and failure to comply with 18 Del. C. § 6853's Affidavit of Merit requirement.

On July 13, 2023, the Honorable Richard G. Andrews found in favor of Defendants and dismissed the District Court Action without prejudice. Specifically, Judge Andrews found that the District Court did not have diversity jurisdiction over

the matter due to the fact that Decedent was a resident of Delaware, as were all Defendants. The district court judge determined that this was sufficient to dismiss the entire matter and did not reach a conclusion as to Defendants' other arguments.

Ms. Cooper re-filed this Complaint in this Court on August 3, 2023. Plaintiff brings claims of medical negligence, respondeat superior, a survival claim, a wrongful death claim, and a claim for punitive damages. Ms. Cooper removed the breach of fiduciary claim from the District Court Action and replaced it with a respondeat superior claim in the instant matter.

Ms. Cooper avers this Court has jurisdiction pursuant to 18 Del. C. § 6802, which states this Court "shall have exclusive jurisdiction of civil actions alleging health care medical negligence." Further, Ms. Cooper alleges she has the opportunity to refile this matter with this Court pursuant to 10 *Del. C.* § 1902.

*Factual Background*

Decedent received in-home palliative care from Defendants' Certified Nursing Assistant, Lydia Zambrana ("Nurse Zambrana"), for ten (10) days from November 3, 2020 to November 13, 2020.

Decedent was diagnosed with Parkinson's Disease, Alzheimer's Disease, dementia, aphasia, and Type 2 Diabetes Mellitus, among other conditions. Decedent was immobile and non-verbal during the relevant timeframe. Contrary to Ms.

3

Cooper's assertions, however, Decedent was receiving in-home palliative care—not in-patient care—during the relevant timeframe.

Ms. Cooper alleges Nurse Zambrana contracted COVID-19 at some point while she was treating Decedent for those ten days from November 3 to November 13, 2020. Ms. Cooper further alleges that because of the physical proximity between Decedent and Nurse Zambrana, and due to Nurse Zambrana's alleged failure to wear a mask while treating Decedent, Decedent contracted COVID-19 from Nurse Zambrana. As a result, Decedent was transported to a hospital two weeks later, on November 27, 2020 where she later died from Parkinson's Disease (cause one) and COVID-19 (cause two) on December 1, 2020.

## PARTIES POSITIONS

*Defendants' Position*

Defendants argue Ms. Cooper failed to file an Affidavit of Merit, as well as to file a timely motion for an extension of time to file same, with the Complaint and, therefore, the Complaint must be dismissed with prejudice for failure to comply with 18 *Del. C.* § 6801, et seq. Further, Defendants argue that since all the remaining claims are dependent upon a successfully pled (and filed) medical negligence claim, and since Ms. Cooper failed to do so, Ms. Cooper fails to state claims upon which relief can be granted and, therefore, the Complaint must be dismissed with prejudice.

4

Lastly, Defendants contend Ms. Cooper failed to follow the clear instructions of Delaware's removal statute, 10 *Del. C.* § 1902, in filing the instant Complaint with this Court and, therefore, the Complaint must be dismissed with prejudice.

*Ms. Cooper's Opposition*

Ms. Cooper argues that because the claims involve a nurse causing a patient to contract COVID-19, it is a "fairly straightforward" action premised upon general principles of negligence so an Affidavit of Merit would not be required under like circumstances. On the topic of the Affidavit of Merit, Ms. Cooper argues it has an Affidavit of Merit authored by Dr. Bruce Charash, M.D. and she did in fact file an affidavit of merit in this present action. Ms. Cooper claims that at the time of the filing of this complaint, Ms. Cooper's counsel colleague, Emeka Igwe, Esq., personally went to the New Castle Superior Court Prothonotary and filed the aforementioned Affidavit of Merit. However, the filing of the Affidavit of Merit is not reflected on the docket.

Further, Ms. Cooper argues this case was not improperly removed because she filed the action within the 60 days after the District of Delaware's denial of jurisdiction as prescribed by 10 *Del. C.* 1902. Lastly, Ms. Cooper argues she has properly supported her wrongful death claim.

**STANDARD OF REVIEW**

The test for sufficiency of a complaint challenged by a Rule 12(b)(6) motion to dismiss is whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint.[1] In making its determination, the Court must accept all well-pleaded allegations in the complaint as true and draw all reasonable factual inferences in favor of the non-moving party.[2] The complaint must be without merit as a matter of fact or law to be dismissed.[3] Therefore, if the plaintiff can recover under any conceivable set of circumstances susceptible of proof under the complaint, the motion to dismiss will not be granted.[4]

**DISCUSSION**

*Ms. Cooper failed to comply with 18 Del. C. § 6801, et seq.*

Section 6853 states:

> No health-care negligence lawsuit shall be filed in this State unless the complaint is accompanied by: (1) an affidavit of merit as to each defendant signed by an expert witness … and accompanied by a current curriculum vitae of the witness, stating that there are reasonable grounds to believe that there has been health-care medical negligence committed by each defendant. If the required affidavit does not accompany the complaint or if a motion to extend

---

[1] *Spence v. Funk,* 396 A.2d 967, 968 (1978); *see Cambium Ltd. v. Trilantic Capital Partners III L.P.*, 2012 WL 172844, at *1 (Del. Jan. 20, 2012)(citing *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 537 (Del. 2011)).
[2] *Ramunno v. Cawley,* 705 A.2d 1029, 1034-36 (Del. 1998); *Nix v. Sawyer,* 466 A.2d 407, 410 (Del. Super. Ct.1983).
[3] *Diamond State Tel. Co. v. University of Delaware,* 269 A.2d 52 (Del. 1970).
[4] *Ramunno*, 705 A.2d at 1034; *see Cambium*, 2012 WL 172844, at *1 (citing *Cent. Mortg.*, 27 A.3d at 537)).

6

the time to file said affidavit … has not been filed with the Court, then the Prothonotary or clerk of the court shall refuse to file the complaint and it shall not be docketed with the Court.[5]

There are, however, three exceptions to the requirement of filing an Affidavit of Merit with the Complaint, none of which are applicable to Plaintiff's claims.[6] Further, the Court finds Ms. Cooper's argument that this is not a case in which she believes an Affidavit of Merit is not required in this case illogical when it is clear she sought one in October of 2022.

In *Steedley v. Surdo-Galef*, the Delaware Supreme Court held that the statutory language of Section 6853 is clear and unambiguous that the Prothonotary or the Clerk of the Court shall not accept a Complaint bringing (or sounding in) claims of medical negligence unless the Complaint is accompanied by an Affidavit of Merit.[7]

The requirement to submit an Affidavit of Merit applies to cases alleging healthcare negligence. The definition of which refers to "errors committed during the course of 'health care or professional services rendered … by a health care provider to a patient.'"[8]

---

[5] 18 Del. C. § 6853(a)(1).
[6] 18 Del. C. § 6853(e).
[7] *Steedley*, 2013 WL 1228019, at *2-3 (Del. Mar. 26, 2013); see also *Dambro v. Meyer*, 974 A.2d 121, 126-27 (Del. 2009).
[8] *Fassett v. Christiana Care Health Servs.*, 2010 WL 2433183, at *7 (Del. Super. Ct. Jun. 17, 2010); 18 Del. C. § 6801(7).

According to Ms. Cooper's own allegations, medical negligence occurred in this case. Such medical negligence occurred when Nurse Zambrana was providing Decedent with in-home medical care from November 3 to November 13, 2020, while not wearing a face mask to protect against the possible transmission of the COVID-19 virus. Further, Ms. Cooper explains some theories of liability as to how Defendants were allegedly negligent in providing healthcare to Decedent. Ms. Cooper's first count in the Complaint is also labeled "MEDICAL NEGLIGENCE." Ms. Cooper further states Defendants owed the Decedent a duty "consistent with the standard of care to their patient" and breached the standard of care applicable to medical professionals thereby causing the "patient" to sustain damages. Additionally, Ms. Cooper alleges that Defendants "held themselves out to the public to be competent providers of palliative medical care and is a health provide within the meaning of the Healthcare Malpractice Insurance Act . . . ." (citing Chapter 68 of Title 18 of the Delaware Code). Importantly, Ms. Cooper asserts this Court maintains jurisdiction pursuant to 18 Del. C. § 6802, the Delaware Medical Negligence Act. This, then, is clearly within the purview of 18 Del. C. § 6853's Affidavit of Merit requirement.

Ms. Cooper, in opposition to this Motion, attempts to rely on *Shively v. Klein*,[9] *Magee v. Rose*,[10] and *Drake v. St. Francis Hospital*[11] to explain that there are two distinct causes of action that may simultaneously exist upon death: a survival action and a wrongful death action. This Court does not dispute that those two separate causes of action exist, however, Ms. Cooper misunderstands these cases compared to her own. The survivors action provides that certain rights of action shall survive to the personal representative, and a wrongful death action confers the right upon a surviving loved one to maintain an action to recover damages for the death and loss occasioned. This Court acknowledges Ms. Cooper does not file this Complaint in her individual capacity, which is a requirement for recovery for wrongful death.[12] Therefore, Ms. Cooper presents no legitimate claim for wrongful death.

For this survival action to succeed, Ms. Cooper needed to set out a cause of action for medical negligence because Ms. Cooper claims Decedent's death was attributed to Nurse Zambrana's alleged failure to wear a mask while treating Decedent. Ms. Cooper's Complaint was not submitted with an Affidavit of Merit despite the fact Ms. Cooper allegedly obtained one on or around October 6, 2022.

---

[9] 1986 WL 15432 (Del. Super. Ct. Sept. 9, 1986).
[10] 405 A.2d 143 (Del. Super. Ct. 1979).
[11] 560 A.2d 1059 (Del. 1989).
[12] "The wrongful death statute permits the survivors to assert only their statutory claim, not the claim of the decedent." *United States v. Cumberbatch*, 647 A.2d 1098, 1104 (Del. 1994).

Without an Affidavit of Merit, Ms. Cooper has failed to set out a cause of action for medical negligence which would allow her to pursue her survival action. Ms. Cooper has inexcusably failed to file an Affidavit of Merit or otherwise comply with 18 Del. C. § 6801, et seq. Ms. Cooper will not be granted an extension of time to file an Affidavit of Merit because Ms. Cooper has failed to timely file a motion to extend time in which to file an Affidavit of Merit. Accordingly, the Defendants' Motion to Dismiss is **GRANTED** on the ground that Ms. Cooper failed to comply with the Affidavit of Merit requirement for this medical negligence case.

Because this Court is dismissing this action on Affidavit of Merit grounds, it need not discuss whether the re-filing of this case after the District of Delaware dismissed for lack of jurisdiction was proper.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED.**

**/s/ Calvin L. Scott**
**Judge Calvin L. Scott, Jr.**

10