**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSICA DOMINGUEZ, individually and Jessica Dominguez as Guardian Ad Litem for J.D. , Minor # 1; et al., | No.   23-15554 |
| | D.C. No. 5:18-cv-04826-BLF |
| Plaintiffs-Appellees, | |
| | MEMORANDUM* |
| v. | |
| MICHAEL PINA, Police Officer, | |
| Defendant-Appellant, | |
| and | |
| CITY OF SAN JOSE; SAN JOSE POLICE DEPARTMENT, | |
| Defendants. | |

| | |
|---|---|
| JESSICA DOMINGUEZ, individually and Jessica Dominguez as Guardian Ad Litem for J.D. , Minor # 1; et al., | No.   23-15562 |
| | D.C. No. 5:18-cv-04826-BLF |
| Plaintiffs-Appellants, | |
| v. | |
| MICHAEL PINA, Police Officer; et al., | |

---

          *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted April 12, 2024[**]
San Francisco, California

Before: SCHROEDER, GRABER, and SUNG, Circuit Judges.

Defendants appeal the denial of qualified immunity to Officer Michael Pina following a jury verdict in favor of Plaintiffs on their 42 U.S.C. § 1983 excessive force claim, arising from the fatal shooting of Jacob Dominguez. Defendants also appeal the award of damages for pre-death pain and suffering and the use of a multiplier to award attorney fees to Plaintiffs. Plaintiffs cross-appeal the denial of their motion for a new trial on their Fourteenth Amendment, Bane Act, and punitive damages claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. **Qualified Immunity:** The district court correctly denied Defendants' renewed Rule 50(b) motion for judgment as a matter of law based on qualified immunity. *See Tan Lam v. City of Los Banos*, 976 F.3d 986, 997 (9th Cir. 2020) (holding that we review de novo the denial of a Rule 50(b) motion). Because the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

jury found in favor of Plaintiffs on their excessive force claim against Officer Pina, "we analyze the motion based on the facts established at trial, viewing the evidence in the light most favorable to [Plaintiffs], and drawing all reasonable inferences in favor of [Plaintiffs]." *Id.* (citations omitted). We give significant deference to the jury's verdict, and our "deference to the jury's view of the facts persists throughout each prong of the qualified immunity inquiry." *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 456 (9th Cir. 2013) (quoting *Guillemard-Ginorio v. Contreras-Gomez*, 585 F.3d 508, 528 (1st Cir. 2009)).

At step one of the qualified immunity analysis, we ask whether the officer's conduct violated a constitutional right. *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1066 (9th Cir. 2016) (en banc). The jury's determination that Officer Pina used excessive force is sufficient to deny him qualified immunity at step one. *See Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1037 (9th Cir. 2018).

We are unpersuaded by Defendants' argument that because the jury found in favor of Officer Pina on the Fourteenth Amendment, Bane Act, and punitive damages claims, it must have credited Officer Pina's account of the shooting and his reasons for using deadly force. Officer Pina's "subjective motivations . . . [have] no bearing on whether" his conduct was objectively "'unreasonable' under the Fourth Amendment." *Graham v. Connor*, 490 U.S. 386, 397 (1989). By contrast, the Fourteenth Amendment's "standard is a subjective

3

standard of culpability," *Cal. Highway Patrol*, 712 F.3d at 453; the Bane Act requires "some showing of intent in addition to showing the constitutional violation," *Reese*, 888 F.3d at 1044; and "the question whether to award punitive damages is left to the jury, which may or may not make such an award," *Smith v. Wade*, 461 U.S. 30, 52 (1983) (citation and internal quotation marks omitted).

We are similarly unpersuaded by Defendants' contention that the jury's answer to the special interrogatory—that Dominguez dropped his hands and leaned forward before Officer Pina fired his weapon—is irreconcilable with its general verdict that Officer Pina used excessive force. There are at least two scenarios in which the answer to the special interrogatory and the general verdict do not conflict. *See United Air Lines, Inc. v. Wiener*, 335 F.2d 379, 407 (9th Cir. 1964) ("Answers to special interrogatories do not present a square conflict with the general verdict where such answers do not exhaust all of the possible grounds on which the finding implicit in the general verdict may have been based.").

First, a reasonable jury could have found that Dominguez did not appear to be reaching for a weapon when Officer Pina shot him. The jury's answer to the special interrogatory did not specify how far Dominguez dropped his hands, how far he leaned forward, or whether he raised his hands again. The jury heard evidence that Dominguez's head, upper shoulders, and left arm were raised above the windowsill when he was shot. The jury also heard testimony that no evidence

4

showed Dominguez possessed a gun during the armed robbery, that officers never saw a weapon in Dominguez's hands, and that there was no weapon inside the car. It also is undisputed that Dominguez was not carrying a weapon at any point during the encounter. A reasonable jury could thus infer, notwithstanding the special interrogatory, either (a) that Dominguez did not appear to be reaching for a weapon or (b) it would not make sense for Dominguez to appear to be reaching for a weapon, because there was no weapon. *See Cruz v. City of Anaheim*, 765 F.3d 1076, 1079 (9th Cir. 2014). In such circumstances, deadly force is not justified. *See Peck v. Montoya*, 51 F.4th 877, 888 (9th Cir. 2022) (when a suspect is "*not* armed—and [is] not about to become armed—he [does] not 'pose[ ] an immediate threat to the police or the public, so deadly force is not justified.'" (quoting *Cruz*, 765 F.3d at 1078–79)).

Second, a reasonable jury could have found that, considering the totality of the circumstances, it was unreasonable for Officer Pina to believe that Dominguez posed an immediate threat even though he dropped his hands and leaned forward. *See Tan Lam*, 976 F.3d at 998 (when considering "the government's interest in the amount of force used, . . . we must 'examine the totality of the circumstances' . . . [and] the most important factor is whether the person posed an immediate threat to the safety of the officer or another." (internal quotation marks omitted) (quoting *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010))). Dominguez complied

5

with orders to raise his hands and ceased any further attempts to escape. *See id.* (identifying "whether [the suspect] 'is actively resisting arrest or attempting to evade arrest by flight'" as a relevant factor (quoting *Graham*, 490 U.S. at 396)). In addition, Plaintiffs' expert testified that officers on the scene failed to take crucial steps to de-escalate the situation or to use non-lethal weapons before shooting Dominguez. *See id.* at 999 (identifying "the availability of less intrusive alternatives to the force employed" as a relevant factor (quoting *Glenn v. Washington County*, 673 F.3d 864, 872 (9th Cir. 2011) (internal quotation marks omitted))).

Moving to step two of the qualified immunity analysis, we ask whether the right that was violated "was clearly established at the time of the incident." *Castro*, 833 F.3d at 1066. Although the step-two inquiry is a matter of law reserved for the court, *Morales v. Fry*, 873 F.3d 817, 826 (9th Cir. 2017), "[w]e consider this question in light of the jury's findings," *Shafer v. Cnty. of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017). Consequently, our analysis accepts the jury's findings that Dominguez dropped his hands and leaned forward before Officer Pina shot him and that Officer Pina used excessive force against Dominguez in doing so. Construing the evidence regarding the remaining factual disputes most favorably to Plaintiffs, *Tan Lam*, 976 F.3d at 1000, we consider the scenarios described above.

6

We therefore assume that Dominguez did not appear to be actively reaching for a gun, nor did he appear to be making any other furtive movement or gesture, when he dropped his hands and leaned forward by some amount and, perhaps, raised his hands again. It was clearly established at the time of the relevant events that deadly force is not justified "absent some reason to believe that the suspect will soon access or use [a] weapon." *Peck*, 51 F.4th at 888 (citing *Cruz*, 765 F.3d at 1077–78).[1]

Accordingly, Officer Pina's use of deadly force violated Dominguez's Fourth Amendment right under clearly established law. Officer Pina, therefore, is not entitled to qualified immunity.

**2. Damages:** The district court did not abuse its discretion in denying Defendants' motion for a new trial and remittitur on damages for pre-death pain and suffering, because there was "some reasonable basis for the jury's verdict." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (internal quotation marks omitted). There was evidence that, after Dominguez was shot, a police dog was released into his car for close to a minute that the dog "interacted for a period of time, aggressively, with [him]," and that Dominguez was pronounced dead only

---

[1] Officer Pina shot Dominguez on September 15, 2017. *Cruz* was published in 2014. 765 F.3d at 1076. *Peck*'s analysis and identification of the law that *Cruz* clearly established therefore bears on our inquiry, despite *Peck*'s publication after the events in this case.

7

after the dog was called off.  The jury was "entitled to make use of their general knowledge of the effect of [injuries] upon a human body" and to infer that Dominguez did "not die or lose consciousness immediately."  *S. Pac. Co. v. Heavingham*, 236 F.2d 406, 409 (9th Cir. 1956).

**3.  Attorney Fee Multiplier:**  Nor did the district court abuse its discretion by awarding a 1.2 multiplier to Plaintiffs' requested attorney fees.  The court provided "an objective and reviewable basis for the fees" based on "specific evidence that supports the award."  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553, 558 (2010) (citation and internal quotation marks omitted).  The court explained that "a modest multiplier is justified on the basis of undesirability."  "Undesirability" is not a factor subsumed in the lodestar calculation.  *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  And the court relied on evidence in the record that three prior attorneys declined to represent Plaintiffs on this case before current counsel agreed to do so.

**4.  Motion for New Trial:**  The district court did not abuse its discretion in denying Plaintiffs' motion for a new trial.  There is no evidence to suggest that the jury was misled or confused by the special interrogatory or that the jury did not follow the judge's instructions to disregard any potential consequences of its verdict on Officer Pina.  *See Frank Briscoe Co., Inc. v. Clark Cnty.*, 857 F.2d 606, 615 (9th Cir. 1988) ("Absent some evidence to the contrary, we must assume that

8

the jury properly discharged its duties and followed the district court's instructions.").  And any such speculation by the jury did not constitute extraneous prejudicial information.  *See United States v. Bussell*, 414 F.3d 1048, 1055 (9th Cir. 2005) ("We do not view the jurors' speculation as extraneous prejudicial information . . . [where] the alleged source of the speculation . . . was not extraneous." (internal quotation marks omitted)).

**AFFIRMED.**